## No. 9966.

### LEACH v. TORBERT, ET AL.

#### Decided February 6, 1922.

Action involving the redemption of land from foreclosure sale by a judgment creditor. Judgment of dismissal.

### *Reversed.*

1. TRUST DEED—*Foreclosure—Redemption by Judgment Creditor.* The term "judgment creditor", as used in section 2, chapter 112, S. L. 1917, concerning redemption of land from foreclosure sale by a judgment creditor, means judgment creditor of the person whose land shall be sold under execution. The statute refers only to creditors having judgments or decrees capable of enforcement by sale of the land to be redeemed.

2. PLEADING—*Allegations of Title.* An allegation of ownership in fee in one party, negatives record title in someone else; and a denial of every title whatsoever, is a denial of record title.

*Error to the District Court of Weld County, Hon. George H. Bradfield, Judge.*

Mr. JOHN R. SMITH, Mr. RICHARD E. LEACH, for plaintiff in error.

Mr. HENRY HOWARD, JR., Mr. WALTER E. BLISS, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in which a judgment creditor seeks to redeem land of the debtor which had been sold under a decree foreclosing a deed of trust, to compel the sheriff to accept the proper amount of redemption money, and to cancel certain instruments involving, and resulting from, a redemption or attempted redemption by another judgment creditor. A demurrer to the complaint was sustained, and the cause was dismissed. The plaintiff brings the cause here for review.

The facts shown in the complaint, and which are admitted by the demurrer, are as hereinafter stated.

On May 31, 1918, and at all such times thereafter as are mentioned in the complaint, the land involved in this suit, consisting of a quarter-section in Weld County, was owned by one Edward L. Heald and one C. B. Bingaman, each of whom held in fee an undivided one-half interest. The land was subject to certain reservations of the Union Pacific Railway Company, and also to a certain deed of trust to secure the payment of certain promissory notes. On the date above mentioned, one E. Clifford Heald, who was then the owner and holder of the notes and the beneficiary of the deed of trust, commenced an action in the district court of the City and County of Denver, seeking a judgment on the indebtedness and other relief, including a decree of foreclosure of the deed of trust.

On September 4, 1918, E. Clifford Heald obtained the decree of foreclosure as sought by him. On October 14, 1918, the sheriff of Weld County, which is the county wherein the land is situated, sold the premises in accordance with the decree, and upon the sale the land was struck off and sold to the above named Clifford Heald for the

sum of $2,018.76, and a certificate of purchase was issued to him.

On the date above mentioned, and at all times since, the plaintiff in the instant case, Richard E. Leach, was a judgment creditor of Edward L. Heald, and as such judgment creditor, Leach sought to redeem the property on July 12, 1919, which was after the expiration of six months and before the expiration of nine months from the date of the sheriff's sale, above mentioned. The complaint alleges the proper tender to the sheriff. No other judgment creditor of Edward L. Heald has redeemed the land from the sheriff's sale of October 14, 1918. Neither has the land been redeemed by a judgment creditor of any defendant in the foreclosure suit having any interest in the land. The sheriff of Weld County refuses to allow the plaintiff to redeem.

Prior to plaintiff's attempt and offer to redeem, namely, on May 10, 1919, there was a redemption made, or attempted to be made, by one W. R. Torbert. At that time, and ever since July 10, 1918, there was on file in the office of the Clerk and Recorder of Weld County, a transcript of a judgment docket, reading as follows:

"STATE OF COLORADO, ⎱ ss.
City and County of Denver. ⎰

| W. R. Torbert, Judgment Cr. & Plaintiff, vs. WILFRED J. HEALD and Edward L. Heald, Judgment Dr. & Defendant. | In the District Court. April Term, 1918. Transcript of Judgment Docket. No. 55625. |

Judgment entered in said court on December 11, 1917, against the defendants and in favor of the plaintiff for $10,428.28 and $55 costs.

7/5/1918. This Judgment satisfied in full as to Edward L. Heald. See satisfaction in files."

At the time the transcript was filed, the judgment described therein had been fully paid and satisfied as to Edward L. Heald.

It appears from the complaint that when Torbert attempted to redeem the land, he did so as a judgment creditor, not of Edward L. Heald, but of Wilfred J. Heald, and at all the times herein mentioned, Wilfred J. Heald had no estate, right, title, or interest whatever in the land, or any part thereof. Torbert levied execution against the land to satisfy his judgment against Wilfred J. Heald, and bid in the property, and received a sheriff's deed.

The plaintiff in the instant case seeks to have the sheriff's deed set aside, also the proceedings leading to the issuance of the deed, to set aside Torbert's redemption from the foreclosure sale of October 14, 1918, and to be himself allowed to redeem the land from such sale.

Section 3653 R. S. 1908, as amended by chapter 112, p. 426, Session Laws of 1917, allows judgment creditors to redeem lands sold by virtue of any execution. There can be no question but that the plaintiff is such a judgment creditor as is entitled to redeem from execution sale the land of his debtor, Edward L. Heald. On the other hand, Torbert is not entitled to redeem the land, because *his* debtor, Wilfred J. Heald, has no interest in or title to the land. The term "judgment creditors," as used in the statute, means judgment creditors of the person or persons whose lands shall be sold under execution. The statute refers only to creditors having judgments or decrees capable of enforcement by a sale of the land to be redeemed. *DeWitt County Bank v. Mickelberry*, 244 Ill. 77, 91 N. E. 86, 135 Am. St. Rep. 304. Torbert had no judgment capable of enforcement by levy on and sale of the land. His debtor had no title to nor interest in it. Torbert cannot divest plaintiff of his right to redeem. The allegations of the complaint present a question which may be stated in simple form as follows: A's land is sold under an execution. Can B's judgment creditor, after the time for redemption by A has expired, levy an execution against B on the land of A and, receiving a sheriff's deed as redeeming judgment creditor, thus defeat the

judgment creditors of A and prevent A's judgment creditors from satisfying their judgments from A's land? No reason exists why the question should be answered otherwise than in the negative.

The complaint states a cause of action. It was error to sustain the demurrer.

The defendants in error assert that the complaint is silent as to the "record title," and it is suggested that possibly Wilfred J. Heald had a record title and that the same is not negatived by any allegations of the complaint. This argument, if material, is not borne out by the record. The complaint alleges ownership in fee in Edward L. Heald and C. B. Bingaman. This imports the record title in them and negatives record title in some one else. Again, the complaint alleges that Wilfred J. Heald had "no estate, right, title or interest whatsoever," in the land. It is also alleged that Torbert was not a judgment creditor of anyone who had "any estate, right, title, or interest whatsoever in said lands." All this is a good denial of record title in Wilfred J. Heald and of judgment creditorship in Torbert. A denial of every title whatsoever is a denial of record title. The statute, section 3613 R. S. 1908, provides that "every interest in land, legal and equitable, shall be subject to levy and sale under execution." The complaint clearly negatives, by express allegations, any such interest in the land held by Wilfred J. Heald.

The case of defendants in error rests upon allegations of fact and alleged admissions in oral argument in trial court wholly outside the record and denied in the briefs of plaintiff in error.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings in harmony with this opinion.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.