## No. 11,326.

### WALKER *v.* WALLACE.

Decided April 26, 1926.

Action to enjoin a judicial sale. Judgment for plaintiff.

### *Reversed.*

1. EXECUTION—*Sale—Redemption.* The right to redeem from an execution sale is purely statutory and is not to be enlarged by judicial interpretation. Redemption statutes should be liberally construed to the end that all the property of the debtor may pay as many debts as possible.

2. *Redemption—Judgment Creditor.* A judgment creditor held to have the right to redeem from a mortgage sale under special execution although he had a judgment against one only of the tenants in common of the land in question.

3. *Redemption in Part.* Under existing Colorado statutes there can be no redemption in part of lands sold under execution.

4. *Redemption—Judgment Creditor.* Although a judgment creditor has a lien only on an undivided interest in an entire tract of land sold under execution, if he wishes to redeem from the sale he must pay the entire amount for which the land was sold.

*Error to the District Court of Rio Grande County, Hon. J. C. Wiley, Judge.*

Mr. H. M. HOWARD, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE question for decision is as to the right of redemption from a judicial sale attempted to be exercised by the defendant Walker, a subsequent judgment creditor. The material facts out of which the controversy arose are that plaintiff Wallace had received a decree of foreclosure of a trust deed or mortgage which secured an indebtedness to him by Mr. and Mrs. Morse upon a number of separate parcels and descriptions of land aggregating 452 acres, and at the special execution sale thereunder, he being the highest and best bidder, the property was struck off to him in its entirety, whereupon he received the sheriff's certificate of purchase therefor. The defendant Walker's subsequent judgment was inferior as a lien to that of the mortgage. As a judgment creditor he tendered to, and the sheriff received, the total amount for which the property was sold together with interest and costs for the benefit of the previous judgment creditor Wallace. Wallace refused to accept the money tendered and Walker, upon an execution issued out of the county court on his judgment against Mr. Morse, one of Wallace's judgment debtors, and delivered to the sheriff, proceeded to have the sale under the execution advertised for a certain day and before the sale this action in equity was brought by Wallace to restrain the sale and, upon final hearing, to have cancelled Walker's certificate of redemption which was issued to him by the sheriff upon the payment of the money as stated. The court issued the temporary restraining order and upon final hearing ordered Walker's certificate of redemption cancelled and restored to the plaintiff Wallace all his rights the same as if the cer-

tificate had not been issued, except that Walker was not interfered with in any attempt that he might make to sell under his execution the undivided interest of his judgment debtor, Mr. Morse. Walker is here with his writ of review.

A number of objections as to the remedy invoked and other objections that were made by defendant Walker during the trial, in view of our conclusion that the judgment must be reversed on the ground that he was a judgment creditor and entitled to redeem, are not necessary to be determined.

The right to redeem is purely statutory and is not to be enlarged by judicial interpretation, yet a liberal construction is to be given the statute allowing redemption, to the end that all the property of a debtor may pay as many debts as possible. 23 C. J. p. 712, § 723, and authorities there cited. If Walker had the right to redeem from the sale which Wallace caused to be made under his special execution, the judgment of the district court is manifestly wrong. That he did have such right is beyond question. *Leach v. Torbert,* 71 Colo. 85, 204 Pac. 334, is conclusive upon that question. The suit there was the reverse of the present one. The Leach action was one by a judgment creditor, who sought to redeem the land of the debtor which had been sold under a decree foreclosing a trust deed, to compel the sheriff to accept the proper amount of redemption money, and for other purposes which are not of importance in the case before us. The facts in the Leach case were that the land in question was owned by two persons each of whom owned an undivided half interest. Heald, who was the owner and holder of notes and the beneficiary of a deed of trust, commenced an action in the district court for foreclosure of the instrument. He obtained the decree asked for and thereunder by a special execution sold the premises and upon the sale the land was struck off to him and a certificate of purchase was issued to him. At that time Leach was a judgment creditor

of Heald, one of the owners of the property that was sold under the foreclosure decree. Leach sought to redeem before the expiration of nine months from the sheriff's sale as a judgment creditor against one only of the owners of the property who were the judgment debtors under the foreclosure sale. Under this state of facts this court held: "There can be no question but that the plaintiff is such a judgment creditor as is entitled to redeem from execution sale the land of his debtor, Edward L. Heald." If the decision there was right, and we think it was, there is no question but that the defendant Walker in this case was a judgment creditor in the sense of the statute, which entitled him to redeem from Wallace's sale under the foreclosure decree, although Walker had a judgment against one only of the tenants in common of the land in question.

Defendant in error, recognizing what the court decided in the Leach case, attempts to distinguish the instant case therefrom in that it did not appear in the Leach case whether the co-owner accepted the money at the redemption or whether he rejected it and refused to be bound by it. If such was the ground upon which the decision in the Leach case was based, it is quite likely that the court in its opinion would have said so. The effect of the Leach decision is not to be destroyed by such an argument as is made here by the plaintiff. The facts of the two cases are essentially the same so far as the question for decision here is concerned.

It was further held in the Leach case, page 88: "The term 'judgment creditors,' as used in the statute, means judgment creditors of the person or persons whose lands shall be sold under execution." The statute refers only to creditors having judgments or decrees capable of enforcement at the sale of the land to be redeemed. Certainly Walker, as a judgment creditor, is brought within this description. We are not without authority in other jurisdictions. In *Tribble v. Wood,* 186 Ala. 329, 334, 65 So. 73, 75, the court says: "Redemption by piecemeal

cannot be enforced, but there is no reason why redemption in parcels may not be had, the holder of the redeemable title being willing." The first part of this quotation is applicable here and it states the general rule, in the absence of a statute to the contrary, that property which has been sold in an execution sale in its entirety or en masse, if redeemed at all, must be redeemed en masse. In *Oldfield v. Eulert,* 148 Ill. 614, 36 N. E. 615, 39 Am. St. Rep. 231, it was held that where two or more tracts of land are sold en masse they can be redeemed only in like manner. Here the property was sold en masse, though owned by different persons. The Oldfield case says they cannot be redeemed in part. In 1873, the Supreme Court of Illinois, in *Durley v. Davis,* 69 Ill. 133, held under the Illinois statute then in force, which declares, in terms substantially the same as our own statute, that a judgment creditor who seeks to redeem shall pay to the officer into whose hands he shall have placed his execution, the amount of money for which the premises *may have been sold* (italics ours), with interest thereon for the use of the purchaser, upon the payment of which the officer is authorized to file a certificate of the redemption of the lands by the judgment creditor. Our statute reads: "And said judgment creditor shall pay to said officer in whose hands he shall have placed his execution, as aforesaid, the amount of money for which said premises shall have been sold," etc. C. L. § 5951. Later Illinois decisions are that there may be, because of a statute so providing, later than that existing when the Durley case was decided, a redemption in part. But, as stated, under a statute like ours there can be no redemption in part. In *Powers v. Sherry,* 115 Minn. 290, 132 N. W. 210, the court said that where an entire tract or parcel of land has been sold at a foreclosure or execution sale, a judgment creditor having a lien on a part only of the tract may redeem the whole thereof and be subrogated thereby to the rights of the purchaser at such sale. The same

principle applies to the present case where Walker had a lien on an undivided interest of the entire tract owned by his judgment debtor and sold under the Wallace execution.    As Walker was obligated to pay, if he redeemed, the entire amount for which the land had been sold, together with interest, and as there is no provision in our statute for a redemption at all except by payment of the entire sum, and not a moiety of that sum, for which the land was sold at the sale redeemed from, it follows necessarily that he may redeem, if at all, in whole only.    To the same effect is *Martin v. Sprague*, 29 Minn. 53, 11 N. W. 143; *O'Brien v. Krenz*, 36 Minn. 136, 30 N. W. 458; *Sharpe v. Baker*, 51 Ind. App. 547, 571, 96 N. E. 627, 99 N. E. 44.    In the latter case it was held that tenants by entireties have no separate interest in the land which is subject to redemption after sale on execution, but the land can only be redeemed as a whole.

The conclusion which we have reached is not only sustained by authority, but it is equitable and sound in principle.    The plaintiff Wallace cannot possibly be injured for there has been tendered to the sheriff for his use the entire amount which he bid at the sale, with all interest and costs.    He never acquired any title to the property.    He merely had an inchoate right that might ripen into a paper title, if there was no redemption by some other judgment creditor.    Nothing has been taken from him.    He will receive his entire claim against these two tenants in common of the property, who were his judgment debtors.    In addition to this Walker, the subsequent judgment creditor of one of the tenants in common, is to receive something on his judgment if the land redeemed exceeds in value the amount of the redemption payment.    The property is thus made to pay as many debts of the judgment debtors and each of them as is possible, whereas if Walker did not have the right to redeem the entire property of the judgment debtors, there having been no redemption

by them, it would be appropriated to the payment of one only of the two debts.

The judgment is reversed and the cause remanded with instructions to the district court to set aside its findings and decree and to dismiss the action at the plaintiff's costs.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.