599 P.2d 923 (1979)
CHATFIELD BANK, a Colorado Corporation, Plaintiff-Appellee,
v.
ENERGY FUELS CORPORATION, a Colorado Corporation, Defendant-Appellant,
v.
FIRST NATIONAL BANK OF SOUTHGLEN, a National Banking Association, Defendant-Appellee,
v.
Jo L. FLEMING, as Public Trustee of Arapahoe County, Colorado and Robert T. Anselmi, Defendants.
No. 78-948.
Colorado Court of Appeals, Div. III.
March 1, 1979.
Rehearing Denied March 29, 1979.
Certiorari Granted August 13, 1979.
Robinson, Waters & O'Dorisio, P.C., John W. O'Dorisio, Jr., Denver, for plaintiff-appellee.
*924 Sharp & Black, P.C., Mary Jane Simmons, Steamboat Springs, for defendant-appellant.
Jim Travis Tice, Littleton, for defendant-appellee.
STERNBERG, Judge.
Kathleen and Ben Pickering owned in joint tenancy the real property which is the subject of this suit, and that property was encumbered by notes secured by a first deed of trust in favor of Majestic Savings and Loan Association. They defaulted and the property was sold at a public trustee's sale. Subsequent liens of record on the property in order of recording were those of: Defendant Energy Fuels Corporation, based upon a judgment against Ben Pickering alone; plaintiff Chatfield Bank's deed of trust to secure a loan to both of the Pickerings; followed by defendant First National Bank of Southglen's deed of trust to secure a loan to both of the Pickerings.
Energy Fuels and both banks gave notice of their intent to redeem and the public trustee determined that Energy Fuels had the first right to redeem the property in its entirety. Chatfield Bank brought this action to restrain Energy's redemption of the whole property. The court ruled Energy had priority to redeem only an undivided ½ interest belonging to Ben Pickering, and that Chatfield Bank had the first right to redeem an undivided ½ interest belonging to Kathleen Pickering. On appeal by Energy, we reverse.
Chatfield Bank contends, and the trial court so found, that although the judgment creditor of one joint tenant may redeem the whole property, such a result is not mandated, especially where, as here, such judgment creditor is competing with lienholders as to both joint tenants. The bank argues that common law theories of alienation of cotenancies and the law of judgments give Energy no right to redeem property partially owned by a tenant against whom they do not have a judgment.
However, we interpret the statute and case law to prohibit partial redemption, regardless of the manner in which the property is owned and regardless of competition between creditors of the owners. Redemption is a purely statutory remedy for lienholders, which orders rights separate and apart from those already obtained by judgment creditors. Cf. § 38-39-114, C.R.S. 1973.
To allow redemption as the court below has ordered, would do violence to the redemption statute. The statute, § 38-39-103(1), C.R.S.1973, states:
"[T]he encumbrancer or lienor having the senior lien . . . on the sold premises or some part thereof subsequent to the lien upon which sale was held may redeem. . . and each subsequent encumbrancer and lienor in succession shall have and be allowed a five-day period to redeem, according to the priority of his lien, and may redeem within the five-day period allotted to him by paying all redemption amounts theretofore paid with interest and the amount of all such liens with interest prior to his own held by such persons as are evidenced in the manner required in this section . . .." (emphasis added)
The statute does not make provision for an encumbrancer holding a lien on part of the property to redeem in part, but only as to the whole. It also states that junior lienholders must satisfy all prior liens without distinction as to liens only on the interest against which the junior lienholder intends to redeem. Adopting Chatfield Bank's theory of liens attaching to only an undivided interest for purposes of redemption would circumvent this requirement of paying all prior liens before the junior lienholder may redeem, because, as to Kathleen Pickering's undivided ½ interest, there is no lien prior to Chatfield Bank's. Thus, if it redeemed, it would not be required to pay Energy's lien. Likewise, as to the senior lienor, the above statute speaks of paying "the sum for which the property was sold" and does not make provision for buying any lesser interest.
The issue of partial redemption in this particular factual setting of joint tenant *925 owners and competing lienholders has not been decided directly in Colorado. However, we conclude that the cases wherein partial redemption has been discussed, mandate this result. See, e. g., Chain O'Mines, Inc. v. Williamson, 101 Colo. 231, 72 P.2d 265 (1937); Walker v. Wallace, 79 Colo. 380, 246 P. 553 (1926).
In Walker v. Wallace, supra, in a different factual setting, the court held that a judgment creditor of one of the tenants in common of the land, had the right to redeem the entire property, and stated:
"[P]roperty which has been sold in an execution sale in its entirety or en masse, if redeemed at all, must be redeemed en masse. . . . As Walker was obligated to pay, if he redeemed, the entire amount for which the land had been sold, together with interest, and as there is no provision in our statute for a redemption at all except by payment of the entire sum, and not a moiety of that sum, for which the land was sold at the sale redeemed from, it follows necessarily that he may redeem, if at all, in whole only."
Finally, we do not agree with the trial court that equity compels a different result. It is significant that Energy's judgment lien on the property was recorded prior to Chatfield Bank's taking its deed of trust. Thus, the bank acquired its security interest with notice of Energy's rights. While ordering the redemption priorities as the trial court did would benefit Kathleen Pickering by partial payment to her creditors, her rights are not at issue here as she is not a party to this lawsuit, and the question of her undivided ½ interest is irrelevant by virtue of the expiration of her statutory time period to redeem.
The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
SMITH and RULAND, JJ., concur.