John W. SANT, Plaintiff,

v.

Ella STEPHENS, Public Trustee for Garfield County, State of Colorado, et al., Defendants.

Civ. A. No. 83–JM–1489.

United States District Court,
D. Colorado.

Dec. 16, 1983.

ORDER

JOHN P. MOORE, District Judge.

THIS MATTER comes before the Court on cross-motions for partial summary judgment.[1] This action is a diversity quiet title suit, and the parties agree that the material facts are not in dispute.

The facts giving rise to this action are as follows. J. James and Elisabeth S. Patterson were owners of certain real property in Glenwood Springs, Colorado. The property was subject to three encumbrances: (1) The Horace Mann Life Insurance Company held a first deed of trust, recorded on December 15, 1976, on the entire property; (2) the Valley Bank & Trust held a second deed of trust, recorded on March 17, 1982, on James Patterson's undivided one-half interest in the property; (3) the City of Glenwood Springs recorded on February 2, 1983, a notice of lien against the entire property. The city's lien was for unpaid utility assessments, and it arose pursuant to § 22–2 of the Glenwood Springs Municipal Code. That city ordinance creates a statutory lien in favor of the city for unpaid utility assessments, and it coincidentally provides such liens include redemptive rights.

Plaintiff, John W. Sant, is the purchaser of the Patterson property through two public trustee sales. Defendant Ella Stephens is the public trustee of Garfield County, and defendants Edmund W. Roginski and Elisabeth D. Getzen are the assignees of the utility lien.[2] The first public trustee sale, which occurred on May 4, 1983, was a sale of the interest of the Valley Bank & Trust. Plaintiff purchased the undivided one-half interest of Valley Bank for the sum of $19,260.00. No junior lienor, including the City of Glenwood Springs or its

David D. Schlachter, Laurent A. Bougie, Tilly & Graves, P.C., Denver, Colo., for plaintiff.

Earl G. Rhodes, Garfield County Atty., David Goluba, Goluba & Goluba, Glenwood Springs, Colo., for defendants.

---

**1.** Plaintiff's motion is captioned "Motion for Summary Judgment." However, plaintiff's motion in fact goes only to the part of this action involving quiet title. There remain issues undecided by this order in connection with plaintiff's claims for incidental, consequential, and punitive damages, fees, and costs.

**2.** "Defendants" as used herein refers to defendants Roginski and Getzen. Defendant Stephens answered the complaint, but filed no response to the summary judgment motions.

assignees, came forward to exercise rights of redemption. Plaintiff was issued a public trustee's certificate of purchase and public trustee's deed for the undivided one-half interest.

The second public trustee's sale, which occurred on May 6, 1983, was a sale of the Horace Mann Insurance Company's interest in the entire property. Plaintiff again bid at this sale and purchased the Horace Mann interest for $26,369.00. Following plaintiff's purchase of this interest, defendants Roginski and Getzen tendered to the public trustee the sum of $26,917.13 in order to exercise their rights of redemption as junior lienors. The public trustee allowed Roginski and Getzen to redeem and issued to them a certificate of redemption and public trustee's deed for the property.

Sant brings this action challenging the rights of Roginski and Getzen to redeem at the second sale. Plaintiff challenges defendants' redemptive rights on two grounds. First, Sant asserts that a home rule city has no power to create statutory liens with rights of redemption, and thus defendants had no redemptive rights. Second, he argues that defendants' failure to exercise their rights of redemption at the first public trustee's sale extinguished defendants' entire redemptive rights.

■ Turning first to the issue of the powers of a home rule city, the rules regarding those powers are clear. Home rule for cities and towns is provided in Article XX of the Colorado Constitution. The constitution grants to home rule cities the powers possessed by the General Assembly as to local and municipal matters. *Denver Urban Renewal Authority v. Byrne,* 618 P.2d 1374 (Colo.1980); *Service Oil Company v. Rhodus,* 179 Colo. 335, 500 P.2d 807 (1972). In matters of purely local and municipal concern, a home rule city can adopt ordinances which supersede conflicting state statutes. However, in matters of statewide concern, state statutes and municipal ordinances may coexist if they do not conflict. *DeLong v. City and County of Denver,* 195 Colo. 27, 576 P.2d 537 (1978).

In the present case, the parties disagree as to the nature of the Glenwood Springs ordinance. The ordinance establishes the right to a lien in favor of the city for unpaid utility charges and provides: "To collect the lien, the City may avail itself of the laws and of liens, including laws for the sale and redemption of property for non-payment." Plaintiff argues that the creation of statutory liens and attendant rights of redemption involves property rights and the alienability of property— matters of statewide concern. Moreover, plaintiff asserts that there exists a comprehensive state statutory scheme involving liens, redemption rights, and local governments' rights to collect taxes and assessments. According to plaintiff, the Glenwood Springs ordinance conflicts with these state statutes.[3] Defendants, on the other hand, argue that this ordinance involves the collection of local assessments—a matter of purely local concern.

■ A review of the statutes cited by plaintiff leads to the conclusion that the Glenwood Springs ordinance does not conflict with any state statute. So long as there is no conflict, the ordinance may coexist with state enactments. *DeLong v. City and County of Denver, supra.* Furthermore, the Colorado Constitution, Article XX, § 6, gives to home rule cities the power to legislate, regulate, and control numerous matters, including the levy and collection of special assessments. The constitution specifically grants home rule cities the power to make and collect assessments in the manner provided by city charter.[4] Where the constitution gives cities

---

3. *See* Colo.Rev.Stat. § 31–25–1101 *et seq.* (Cum. Supp.1982), (powers of local governments regarding the collection of unpaid taxes and assessments); Colo.Rev.Stat. § 38–39–101 *et seq.,* (1973) (foreclosure sales and rights of redemption).

4. Subsection (g) of the Colorado Constitution, Article XX, § 6, provides that home rule cities may legislate upon the following:

The assessment of property in such city or town for municipal taxation and the levy and collection of taxes thereon for municipal pur-

specific powers, a city may exercise those powers even where the city action involves an area of statewide concern. *See City of Thornton v. Farmers Reservoir*, 194 Colo. 526, 575 P.2d 382, 383 (1978).

Having thus concluded that the utility lien was valid, the question then becomes whether defendants' failure to exercise their redemptive rights at the first public trustee sale caused their rights in the property to be extinguished. Defendants argue that the first sale involved only an undivided one-half interest, and their failure to participate in that sale could not extinguish rights which attached to the *entire* property. According to defendants, if their rights were extinguished at all, there still remained a lien as to the other undivided one-half interest. Consequently, they assert that as partial lienors they could redeem as to the whole. To the contrary, plaintiff argues that where defendants could have redeemed at the first sale, they had a statutory obligation to exercise their rights in order to protect their interest in the property. According to plaintiff, defendants' failure to redeem at the sale of the partial interest extinguished their entire interest.

Colorado case law sheds little light on how this chain of events should be resolved. In *Walker v. Wallace*, 79 Colo. 380, 246 P. 553 (1926), it was held that a holder of a lien on an undivided partial interest in real property may redeem the entire property from a sale in foreclosure of a prior lien on the whole. Moreover, it was held that the holder of a lien on a part of the property must redeem the whole if he is to redeem at all; partial redemption was not permitted. *Walker v. Wallace, supra* at 246 P. 554.

However, the rule regarding partial redemption was modified by the case of *First National Bank v. Energy Fuels*, 200 Colo. 540, 618 P.2d 1115 (1980). In that case, a judgment lien creditor held a lien on the interest of one joint tenant. Two junior

lienors held liens on the entire property. The Colorado Supreme Court held that the judgment lien creditor could redeem only the one joint tenant's interest and not the entire property; furthermore, the court held that the subsequent lienors could redeem the interest of the other joint tenant without paying the debt secured by the prior lien.

The present case raises an issue not addressed in either *Walker v. Wallace* or *First National Bank v. Energy Fuels*. The question is whether a lienor of the entire property *must* redeem at the sale of a prior *partial* interest in the property. In my judgment, the resolution of this issue turns upon the statutory language and the policy behind the redemption statutes.

Colo.Rev.Stat. § 38–39–110 (1973) states that upon the expiration of the period of redemption allowed to the owner and all subsequent lienors entitled to redeem, the trustee, sheriff, or such other official shall execute a deed to the holder of the certificate of purchase or to the last redeeming lienor. That section further states:

> Upon the issuance and delivery of such deed, but not until then, title shall vest in the grantee and such title shall be free and clear of all liens and encumbrances recorded or filed subsequent to the recording or filing of the lien on which the sale referred to in this section was based.

Although this statute does not by its plain words state whether the failure to redeem at a partial sale extinguishes the rights of a subsequent lienor holding a lien on the whole, a reasonable interpretation of this language is the redemption process applies to all lienors entitled to redeem, and the issuance of the trustee's deed cuts off the entire rights of all lienors who could have participated in the sale.

This interpretation is consistent with the policy of redemption, as redemption statutes seek to benefit both debtors and creditors by reducing the property owner's debt while satisfying every possible creditor

poses and special assessments for local improvements; such assessments to be made by municipal officials or by the county or state

officials as may be provided by the charter. . . .

through the continual redemption of the same piece of property. *First National Bank v. Energy Fuels, supra.* Thus, the end to be achieved is a rule which encourages recovery of the highest price for the debtor's property and at the same time protects the value and marketability of that property following sale.

In my opinion, this policy is served by a rule which requires all junior lienors to participate in the redemption process in order to preserve their interests, even where the foreclosure sale involves only a partial interest in the property. This rule encourages participation in the redemption process, thereby maximizing the price obtained upon sale. Moreover, this rule leaves no confusion about the rights of subsequent lienors following the issuance of the trustee's deed and therefore protects the value of the property interest obtained upon purchase or redemption.[5]

Accordingly, it is

ORDERED that defendants' motion for partial summary judgment is denied.

FURTHER ORDERED that plaintiff's motion for summary judgment on the quiet title issue is granted.

FURTHER ORDERED that judgment shall enter in favor of plaintiff and against defendants Roginski and Getzen on plaintiff's second claim for relief. Pursuant to this order, defendant Ella Stephens shall vacate and set aside the public trustee certificate of redemption issued to Edmund W. Roginski and Elisabeth D. Getzen dated July 21, 1983, and recorded in book 631, page 22, of the records of the clerk and recorder of Garfield County; defendant Stephens shall vacate the public trustee deed dated July 21, 1983, between the Public Trustee of Garfield County and Edmund W. Roginski and Elisabeth D. Getzen recorded in book 631, page 23 of the records

of the clerk and recorder of Garfield County; and defendant Ella Stephens shall issue a public trustee deed in favor of plaintiff, John W. Sant, on the entire property.

---

5. In the present case, defendants represented that they made a calculated decision not to participate in the first sale because they knew that there would be a subsequent sale as to the entire property. In my opinion, such a position is contrary to the intent and policy of the redemption statutes. Junior lienors ought not be allowed to forego participation in one foreclosure proceeding in order to speculate about the possibility of purchasing the property for a bargain price at a later sale.