Edward F. THOMAS, III, and William Allan, Plaintiffs-Appellants,

v.

Thomas OKEN, Public Trustee for Pitkin County, Board of County Commissioners of Pitkin County, and Marguerite Collier, Defendants-Appellees.

No. 83CA0863.

Colorado Court of Appeals, Div. III.

Nov. 8, 1984.

Rehearing Denied Dec. 6, 1984.

Certiorari Denied April 15, 1985.

Mazza & LaSalle, P.C., John D. LaSalle, Aspen, for plaintiffs-appellants.

Thomas Fenton Smith, Aspen, for defendants-appellees Thomas Oken and Bd. of County Com'rs of Pitkin County.

Holland & Hart, James T. Moran, Charles T. Brandt, Aspen, for defendant-appellee Marguerite Collier.

TURSI, Judge.

From a judgment dismissing their complaint with prejudice for failure to state a claim upon which relief could be granted, plaintiffs, Edward Thomas, III and William Allan, appeal. We affirm.

Plaintiffs commenced an action in the district court seeking (1) relief in the nature of mandamus to compel the defendant Public Trustee of Pitkin County to permit them to redeem certain real property from a foreclosure sale, (2) cancellation of a public trustee's deed that had been issued to the last redeeming lienholder, (3) damages and, (4) a declaratory judgment to the effect that the issuance of the public trustee's deed to defendant Marguerite Collier did not extinguish any lien rights which plaintiffs might establish in a pending case against Donald Green, the pre-foreclosure owner of the property.

In conjunction with a previously instituted action against Green, plaintiffs filed a notice of lis pendens against the property pursuant to C.R.C.P. 105(f). In the instant matter, plaintiffs allege that Green had promised to execute a deed of trust on the property in question to secure the payment of a $200,000 loan plaintiffs had made to Green several years prior to the date the foreclosure proceedings were commenced and that, by virtue of Green's promise, plaintiffs were entitled to an equitable lien against the property.

Upon motion of the defendants, the trial court entered judgment of dismissal, ruling that plaintiffs had no right to redeem pursuant to § 38–39–114, C.R.S. (1982 Repl. Vol. 16A). The court further determined that plaintiffs' request for a declaratory judgment was premature.

Plaintiffs contend that as equitable lienholders they were entitled to redemption rights under § 38–39–103, C.R.S. (1982 Repl.Vol. 16A). We disagree.

We recognize that an equitable lien can arise out of an agreement to secure a debt or obligation with a particular piece of property. See *Fort Lupton State Bank v. Murata*, 626 P.2d 757 (Colo.App. 1981). However, § 38–39–103(2), C.R.S. (1982 Repl.Vol. 16A), provides, in pertinent part, that:

"No lienor or encumbrancer is entitled to redeem ... unless his lien appears by instruments duly recorded or filed as permitted by law. No lienor shall be entitled to redeem under this section unless his lien appears by an instrument so recorded or filed...."

This statute is a limitation on the rights of redemption provided in § 38–39–114. Thus, even if plaintiffs did have an equitable lien against the property, they would be entitled to redeem it only if such lien were properly recorded and filed. And there is no method or procedure for filing

or recording the equitable lien sought here prior to its being reduced to judgment.

Plaintiffs' notice of lis pendens did not constitute the filing or recording of an equitable lien against the property but merely gave notice of plaintiffs' pending litigation with Green to persons acquiring an interest in the property after the notice of lis pendens was filed. *See* § 38–35–110, C.R.S. (1982 Repl.Vol. 16A); *Hammersley v. District Court*, 199 Colo. 442, 610 P.2d 94 (1980).

Redemption rights are purely statutory and cannot be enlarged by judicial interpretation. *Walker v. Wallace*, 79 Colo. 380, 246 P. 553 (1926). Accordingly, we conclude that plaintiffs were not entitled to redemption rights because their lien or encumbrance was not, and indeed could not be, recorded or filed prior to its being reduced to judgment.

We also agree with the trial court's determination that plaintiffs' claim for a declaratory judgment was premature.

Judgment affirmed.

KELLY and METZGER, JJ., concur.