James F. PHENEY, Plaintiff–Appellant,

v.

WESTERN NATIONAL BANK; Morrato, Bieging, Burrus & Colantuno; and The Public Trustee of the County of Douglas, State of Colorado, Defendants–Appellees.

No. 85CA1424.

Colorado Court of Appeals, Div. I.

April 7, 1988

Rehearing Denied May 5, 1988.

Certiorari Denied Oct. 11, 1988.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Littleton, for defendant-appellee Public Trustee of Douglas County.

McGuire, Cornwell & Blakey, Richard Breithaupt, Denver, for plaintiff-appellant.

Baker & Hostetler, Bruce D. Pringle, Timothy R. Beyer, Denver, for defendant-appellee Western Nat. Bank.

Morrato, Bieging, Burrus & Colantuno, I. Thomas Bieging, Stephen B. Shapiro, Englewood, for defendant-appellee Morrato, Bieging Burrus & Colantuno, P.C.

CRISWELL, Judge.

Plaintiff, James F. Pheney, appeals the order and judgment of the district court which denied his request for a preliminary injunction to prohibit the Public Trustee of Arapahoe County from issuing a trustee's deed to the defendant, Western National Bank (the Bank), or any certificate of redemption to the other defendant, Morrato, Bieging, Burrus & Colantuno (Morrato), and which dismissed his complaint. The sole issue presented by his appeal is whether a junior lienor, who is the beneficiary of a deed of trust upon only a part of the realty that has been foreclosed upon by the holder of a senior encumbrance, may redeem from the foreclosure sale only that part of the property that is subject to his deed of trust. Because we are convinced that he may not do so, we affirm.

The Bank was the holder of a promissory note in the face amount of $665,000, secured by a deed of trust covering a parcel of realty containing approximately 700 acres. Between the date these instruments were executed and 1979, the owner of the parcel conveyed it in three separate transactions to three different grantees. One of these parcels, which contains approximately 90 acres, was ultimately acquired by a partnership in which plaintiff was a general partner. Morrato is the beneficiary of a deed of trust upon another of the three parcels.

The original encumbrance was foreclosed in December 1984, at which time the Bank bought the property at the foreclosure sale and was issued a certificate of purchase for the entire 700 acres. According to the evidence, some $525,000 would be required to be paid to redeem the entire parcel from this sale.

After this sale, but during the redemption period, the partnership that owned the 90-acre parcel executed a promissory note, payable to plaintiff, and secured it by a deed of trust upon that parcel. Thereupon, plaintiff sought to redeem this 90-acre parcel, but no other part of the 700 acres, from the foreclosure sale and tendered to the public trustee the sum of $90,000 for this purpose, claiming that that amount represented the fair market value of the smaller parcel. At about the same time, Morrato gave notice of its intent to redeem the entire property from the foreclosure sale. When the public trustee refused to allow plaintiff to redeem as he requested, he commenced this litigation.

The right of plaintiff, as a junior lienor, to redeem from the public trustee's sale was governed by §§ 38-39-102 and 38-39-103, C.R.S., as they existed prior to the recent amendments to those statutes. *See* Colo.Sess.Laws 1985, ch. 295 at 1208; Colo. Sess.Laws 1986, ch. 59 at 438, ch. 237 at 1099 and ch. 268 at 1226; and Colo.Sess. Laws 1987, ch. 278 at 1344, ch. 280 at 1374-1375 and 1378.

Under these statutory provisions, the owner of a foreclosed property could redeem it by paying to the public trustee the amount for which the property was sold, together with interest thereon, and any taxes or other proper expenses paid by the purchaser. Section 38-39-102(1), C.R.S. If the owner did not redeem within the

period set for that purpose, the person holding the then senior lien "on the sold premises or some part thereof" was given the right to redeem "by paying the amount required by § 38–39–102." Each subsequent lienor, in succession, could thereafter redeem "by paying all redemption amounts theretofore paid with interest and the amount of all [liens held by the last redeemer] with interest *prior to his own* " or, in case of no prior redemption, the amount required to be paid by the owner to redeem. Section 38–39–103(1) (emphasis supplied).

These statutory provisions authorize any lienor junior to the foreclosing lienor to redeem, even if his lien encumbers only a "part" of the property sold at foreclosure. The supreme court has consistently construed the statute and its predecessors in this manner. *See First National Bank v. Energy Fuels Corp.*, 200 Colo. 540, 618 P.2d 1115 (1980); *Walker v. Wallace*, 79 Colo. 380, 246 P. 553 (1926); *Leach v. Torbert*, 71 Colo. 85, 204 P. 334 (1922).

That such a junior lienor has the right to redeem *something*, therefore, is clear. The question, however, is whether the junior lienor's right of redemption extends to the entire property sold or just to that part of the property which is encumbered by his lien.

The statute, § 38–39–103(1), is specific in providing that the first of the junior lienors to exercise the redemption right must pay the amount that would be required to be paid by a redeeming owner, *i.e.*, the amount for which the property was sold, plus interest and other proper expenses. Placing its emphasis upon similar language in a former statute, and relying upon decisions from Alabama, Illinois, Indiana, and Minnesota, the supreme court in *Walker v. Wallace, supra*, held that a judgment creditor of one of two joint tenants had the right to, and indeed was required to, redeem the interests of both owners. It held that:

"As [defendant] was obligated to pay, if he redeemed, the entire amount for which the land had been sold, together with interest, and as there is no provision in our statute for a redemption at all except by payment of the entire sum, and

not a moiety of that sum, for which the land was sold at the sale redeemed from, it follows necessarily that he may redeem, if at all, in whole only."

In *First National Bank v. Energy Fuels Corp., supra*, however, the supreme court distinguished and modified the rule adopted by its previous decision in *Walker*. It held that a judgment creditor, whose judgment lien encumbered the interest of only one of two joint tenants, could not, in the face of objections by other junior lienors, redeem from a foreclosure sale the interests of both tenants, but could redeem only the interest of the joint tenant against whom he held his judgment. In reaching this conclusion, the court considered the fundamental nature of joint tenancy and noted that no execution could be levied upon the interest of the other joint tenant. It therefore concluded that, in equity, such junior lienor should not be able to "obtain more through redemption than it could by execution, or by other means."

In addition, the *Energy Fuels Corp.* opinion also noted that, under § 38–39–103(1), any subsequent redeemer would be required to pay the outstanding lien of a previous redeemer only to the extent that such lien was "prior to his own." Since the judgment creditor's lien did not encumber the interest of the other joint tenant, that lien was not "prior" to a subsequent lienor's encumbrance upon that other interest. Thus, such lienor could redeem the other joint tenant's interest without being required to satisfy the obligation represented by the lien on the judgment debtor's interest in the property.

The issue here, then, is whether the exception to *Walker's* general rule, created by *Energy Fuels Corp.*, should be extended to a junior lienor, whose lien encumbers less than the territorial whole of the property foreclosed upon, rather than encumbering less than the total, but nevertheless undivided, interest in the whole territory. There are, in our view, at least two reasons why that exception should not be so extended.

The *Energy Fuels Corp.* exception to the general rule that a junior lienor must redeem the whole property foreclosed upon is

facially inconsistent with the statutory requirement that a redeemer must pay the full amount paid at the foreclosure sale. While the nature of the interest held by one joint tenant might well mandate that the interest of the other tenant be protected from an involuntary encumbrance, we can discern no comparable consideration where, as here, joint tenants are not involved. On the contrary, in this particular case the encumbrance was voluntarily created with full knowledge that a superior encumbrance had been previously created and foreclosed.

Further, the interest of one of two joint tenants is a percentage interest in the whole of the property. Thus, the determination of a "pro rata" redemption price is a mere mathematical exercise. In contrast, to determine the value of the 90 acres that are encumbered by plaintiff's lien, in comparison to the entire 700 acres foreclosed upon, would require the consideration of evaluation information, which is ofttimes conflicting and contradictory. In our view, a public trustee is ill-equipped to render such evaluation judgments.

Moreover, we can find nothing in the statute that would justify requiring a foreclosing creditor, who purchases at the sale, to be subjected to the peril of such an official's underevaluation of that part of the property for which redemption is sought. This is particularly significant in a case such as this, where Morrato, while evidencing an intent to redeem the entire property, has made no suggestion that it would redeem the remainder of the property should plaintiff's redemption request be honored.

We conclude, therefore, that the public trustee was correct in rejecting plaintiff's request for a partial redemption. Thus, the district court judgment approving that action was also proper.

Judgment affirmed.

PIERCE and HUME, JJ., concur.