**James BOLEN and Phyllis Bolen, Plaintiffs–Appellees,**

**v.**

**The Kathleen V. FERRY TRUST, Robert M. Kendall, and Texas Commerce Bank National Association, Defendants–Appellants.**

No. 96CA0369.

Colorado Court of Appeals, Div. III.

April 17, 1997.

Rehearing Denied May 29, 1997.

Certiorari Denied Jan. 12, 1998.

Dunn, Abplanalp & Christensen, P.C., Arthur A. Abplanalp, Jr., R.C. Stephenson, Vail, for Plaintiffs–Appellees.

Otto, Porterfield & Post, LLC., Frederick S. Otto, Wendell B. Porterfield, Jr., Vail, for Defendant–Appellant Kathleen V. Ferry Trust.

Stutz & Miller, R. Gregory Stutz, Paul G. Urtz, Denver, for Defendants–Appellants Robert M. Kendall and Texas Commerce Bank National Association.

Opinion by Judge PLANK.

The dispositive issue in this appeal is whether a valid lien may be established against real estate if the recorded chain of title reflects that property is owned in the name of an individual but the lien is granted by that individual as "trustee." Plaintiffs, James and Phyllis Bolen, assert any such lien is invalid as a matter of law. The trial court agreed and entered judgment accordingly. We reverse and remand for further proceedings.

As pertinent here, title to the property in dispute was conveyed in 1981 to a grantee

identified as "Roy B. Davis, Jr., Trustee." Later, "Roy B. Davis, Jr., Trustee" conveyed the property by quitclaim deed to Roy B. Davis, Jr., and his wife, Martha Lee Davis. Both conveyances were recorded.

In 1986, the Davises executed a deed of trust on the property for the benefit of ICA Mortgage Corporation to secure a promissory note in the approximate amount of $319,-000. This instrument was also recorded.

Four years later, another deed of trust covering the property was recorded for the benefit of defendant Texas Commerce Bank (TCB). The instrument indicates that the deed of trust was executed as security for a promissory note in the principal amount of $2 million by "Roy B. Davis, Jr." However, the party named in the deed of trust as granting the lien is "Roy B. Davis, Jr., Trustee," and the signature is consistent with such designation.

In 1994, foreclosure proceedings were commenced with the public trustee pursuant to the ICA deed of trust. Plaintiffs acquired the certificate of purchase at the subsequent foreclosure sale.

Defendant Robert M. Kendall learned of the pending foreclosure and entered into an agreement with TCB as the holder of the junior lien to redeem the property. Pursuant to the agreement, the required funds were tendered to the public trustee and she issued a certificate of redemption to TCB. TCB then assigned the certificate to Kendall.

Later, the public trustee issued a deed to Kendall. However, claiming that TCB's lien was invalid, the plaintiffs refused to accept a check from the public trustee for the full redemption amount. The funds were deposited in a separate account and this litigation followed.

Based upon its determination that the TCB lien was invalid, the court declared the public trustee's deed to Kendall void. The court ordered the public trustee to issue a deed to plaintiffs upon reimbursement by plaintiffs of the funds remitted by Kendall with interest.

While this litigation was pending, Kendall sold the property to the Ferry Trust and that entity was added as a party defendant.

I

The Ferry Trust contends that the trial court erred in concluding that no statutory redemption rights were attributable to TCB's junior deed of trust pursuant to § 38–38–303, C.R.S. (1996 Cum.Supp.) as a matter of law solely because the record owner signed the instrument as "trustee." We agree.

The right of the holder of a lien on real estate to redeem is set forth in § 38–38–303(1), C.R.S. (1996 Cum.Supp.):

If no redemption is made [by the owner] within the redemption period provided for in Section 38–38–302, the lienor having the senior lien, *according to the records of the county clerk and recorder* ... may redeem within ten days after the expiration of the redemption period provided for in Section 38–38–102. . . .

No Lienor is entitled to redeem unless his lien appears by instruments duly recorded or filed. . . .

(emphasis supplied)

In interpreting this statute, we must first consider the plain and ordinary meaning of the terms used by the General Assembly to create the right of redemption. *See Fogg v. Macaluso*, 892 P.2d 271 (Colo. 1995). If those terms are clear and unambiguous, we must apply the statute consistent with those terms. *See Passamano v. Travelers Indemnity Co.*, 882 P.2d 1312 (Colo.1994).

If, on the other hand, the meaning of the terms is vague ·or ambiguous, we must seek the aid of rules of statutory construction to establish the intent of the General Assembly in adopting the statute. *See Aspen Highlands Skiing Corp. v. Apostolou*, 866 P.2d 1384 (Colo.1994). Once that intent has been determined, we must then interpret the statute consistent with the legislative objective. *See Perlmutter v. Blessing*, 706 P.2d 772 (Colo.1985).

Section 38–38–303 makes clear that there is no right to redeem if the claimant relies upon an unrecorded lien. *See Thomas v. Oken*, 699 P.2d 7 (Colo.App.1984)(notice of *lis pendens* does not constitute an equitable

lien). However, contrary to the plaintiffs' contention, in our view, application of the plain meaning of the statutory reference to the "records of the county clerk and recorder" does not support the result reached by the trial court. That statutory reference may be read also as requiring only recorded notice of a potentially valid lien.

■ To resolve this issue, we look then to the legislative intent. The purpose of the recording act is to give notice of the ownership of real estate and to provide an accessible history of title. *City of Lakewood v. Mavromatis,* 817 P.2d 90 (Colo.1991). Because notice is the principal objective, the General Assembly has adopted legislation from time to time to cure many irregularities in recorded real estate instruments so as not to defeat valid claims. *See* 2 C. Krendl, *Colorado Methods of Practice* § 1556 (3rd ed. 1991).

■ Further, redemption statutes are to be liberally construed with the goal of benefitting both debtors and creditors by reducing the property owner's debt while satisfying the financial obligations to as many creditors as possible. *First National Bank v. Energy Fuels Corp.,* 200 Colo. 540, 618 P.2d 1115 (1980); *Howell v. Farrish,* 725 P.2d 9 (Colo.App.1986). That purpose would not be served by imposing strict requirements under the statute for the signature on a deed of trust if effective notice has been given of the claimed lien.

■ We must next determine whether the signature of the record owner followed by the word "trustee" is sufficient to provide notice of a potentially valid lien. We conclude that it is.

Title problems created by use of the term "trustee," without more, in describing either the grantor or the grantee in instruments affecting title to real estate have existed for some time. The General Assembly first responded to this issue in 1921 by adopting § 38–30–108, C.R.S. (1982 Repl.Vol. 16A). Such statute currently provides:

All instruments conveying real estate ... in which the grantee is described as trustee ... shall also name the beneficiary so represented and define the trust or other agreement under which the grantee is acting, or refer, by proper description to book, page, document number, or file to an instrument, order, decree, or other writing which is of public record in the county in which the land so conveyed is located in which such matters appear; otherwise the description of a grantee in any such representative capacity in such instruments of conveyance shall be considered and held a description of the person only and shall not be notice of a trust or other representative capacity of such grantee.

This problem has been addressed in more detail in Colorado Bar Ass'n Title Standards Committee, *Colorado Real Estate Title Standards* (1997 rev.) (CBA Title Standards), adopted to resolve the impact of various irregularities on the marketability of title.

As pertinent here, *CBA Title Standards,* Standard 5.1.2 provides:

Problem: A conveyance contains no language which described the grantee as trustee, agent, conservator, executor, administrator, attorney-in-fact or some other representative capacity; the abstract does not show an instrument (other than the subsequent conveyance hereinafter mentioned) which indicates that such grantee was acting in any of such representative capacities. Is merchantable title conveyed by a subsequent conveyance executed by such grantee with word or words indicating one of such representative capacities, following his name but without identifying the trust, principal, ward, estate or beneficiary or beneficiaries represented by him?

Answer: Yes.

This issue has also been addressed in other states with the same result. *See* 4 *American Law of Property* § 18.58 (A.J. Casner ed. 1952).

Plaintiffs contend that the curative statutory provision is irrelevant because it does not address the conveyance by one designated as a "trustee." They argue that, by implication, the General Assembly did not intend any cure if one conveys part or all of a title and adds the word "trustee."

They also argue that we should ignore the *CBA Title Standards* because such represent a non-binding effort by real estate practitioners to simplify title issues without regard to statutory provisions or case law. We are not persuaded by these contentions.

■ Given the legislative objective in the redemption statute to satisfy as much debt as possible, we conclude that recorded notice of a potentially valid lien is sufficient to trigger a claim to exercise a right of redemption. And, contrary to plaintiffs' contention, because of the time, effort, and expertise involved in the preparation of the *CBA Title Standards*, we conclude that those standards deserve careful consideration in addressing the issue. *See* 2 C. Krendl *Colorado Methods of Practice* § 1557 (3rd ed. 1991).

■ Accordingly, given the fact that there is no record reference to the terms or provisions of any trust, we hold that addition of the word "trustee" in the TCB deed of trust is not sufficient to preclude the assertion of a valid claim to a right of redemption. The evidence must establish, of course, a valid debt from Davis to TCB and an intent by those parties to secure repayment of the debt by the deed of trust.

Hence, we conclude that the trial court erred in concluding as a matter of law that the TCB lien was invalid.

## II

In the alternative, plaintiffs argue that the evidence at trial established the existence of a trust and that, therefore, the purported lien of the deed of trust is invalid. We do not address this contention.

■ The trial court ultimately determined that the validity of TCB's lien must be determined based upon the recorded documents and that evidence extrinsic to those documents could not be considered. Hence, the court has not addressed this contention of plaintiffs. And, because the issue requires factual determinations, we do not address it here. *See Colby v. Progressive Casualty Insurance Co.*, 928 P.2d 1298 (Colo.1996).

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

JONES and RULAND, JJ., concur.