[No. 6500.]

### EDSON-KEITH & CO. ET AL. v. BEDWELL.

1. HOMESTEAD EXEMPTION LAWS—*Construction*—The statutes enacted pursuant to the mandate of the constitution, exempting the homestead from execution are to be liberally construed, with a view to effecting the beneficent purpose of the enactment —(313).

2. ——*Record of Claim of Homestead—Attestation*, by the deputy county clerk, not using the name of his principal, is effective and sufficient—(314).

3. HOMESTEAD—*Abandonment of*, occurs only when the claimant actually quits the premises with intent not to again occupy them as a homestead—(313).

4. CONVEYANCE—*Unacknowledged*, conveys the title. Its execution being admitted it is properly received in evidence. —(Rev. Stat. secs. 693-697.)—(315.)

5. TRIAL—*Party Confined to the Issues*—A party is not to be allowed to recover upon an issue not tendered by his pleadings—(315, 316).

6. PLEADINGS—*What Must Be Specially Pleaded*—Defendants levied an execution against one R. upon certain premises. Plaintiff claimed under a conveyance from R., executed at a time when the premises were, as plaintiff alleged, her homestead. *Held*, that if defendants would show that R. by her marriage, before such conveyance, had lost her character as the head of the family, and had therefore no right to the statutory exemption, they must plead this defense—(316).

*Error to La Plata District Court.*—HON. CHARLES A. PIKE, Judge.

Messrs. PERKINS & MAIN, for plaintiffs in error.

Mr. P. G. ELLIS and Mr. ANDREW H. WOOD, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This controversy is between a purchaser for value (of a residence in Durango, La Plata county,) from the grantee of one Sada M. Richter, and a judgment creditor of hers.

The action was brought to restrain the defendant sheriff from selling the real estate as the property of Mrs. Richter under a judgment and execution, and to remove the cloud caused thereby from plaintiff's title. The defendants in their pleadings admit that the plaintiff has some interest in the property and is in possession. They further admit that his chain of title is as set forth in his complaint, but deny that the homestead exemption entry claimed by Mrs. Richter was attested by the clerk and recorder of La Plata county. They further allege that the conveyance from Mrs. Richter to her grantee, Henry Garbanati, Sr., was fraudulent, void and without consideration, and was made for the purpose of hindering, delaying and defrauding the defendant, Edson-Keith & Co. as a creditor of hers. They further allege that prior to the execution of this deed Mrs. Richter had abandoned said premises and ceased to occupy the same either by herself or family; that on account thereof the transcript of judgment was a valid subsisting lien upon the premises, superior to plaintiff's title, and that plaintiff never acquired any interest in the property not subject to the defendants' lien. Trial was to the court which

found the issues in favor of plaintiff. The defendants bring the case here for review upon error.

It appears that on June 2nd, 1903, the title to the premises in controversy was in Sada M. Richter, at that time a widow with one child (a boy six or seven years of age) ; that she and the child were occupying the premises as a home, and at which time she caused to be entered on the margin of the record of her title thereto her homestead declaration. This entry was attested "E. J. Carpenter, Deputy County Clerk." At this time the deed of Mrs. Richter for this property upon which this entry was made, although recorded, was unacknowledged. Thereafter, it appears to have been acknowledged by the grantor and re-recorded. Mrs. Richter, with her child, continued to hold, and most of the time to occupy, the premises in question as a home until January 11, 1905, at which time she conveyed it to one Henry Garbanati, Sr.; she then made arrangements to leave Durango; up to that time she treated the premises as her homestead; she was married to Henry Garbanati, Jr., November 24, 1904; he never supported her and there is no evidence to show that he ever occupied the premises with her at any time, or that he was living there with her at the time of the execution of her deed to Henry Garbanati, Sr.; if anything, the legitimate inference from the evidence would be that they lived together only a short time. On June 19, 1906, Henry Garbanati, Sr., conveyed said premises to the plaintiff for $2,000; the plaintiff entered in possession and has so continued ever since. On June 15, 1903, the defendant Edson-Keith & Co., a corporation, recovered a judgment in the county court of La Plata county against Sada M. Richter. On June 16, 1903, they caused a transcript of the judgment docket to be filed for record in the clerk and recorder's office. On

May 10, 1907, they caused an execution to be issued and levied upon this property as the property of Sada M. Richter and were attempting to have it thus sold.

There is no evidence to sustain the allegations of fraud pertaining to the transfer from Mrs. Richter to Henry Garbanati, Sr.

The evidence is entirely insufficient to sustain the contention pertaining to the abandonment of the homestead by Mrs. Richter. It is elementary that two things must concur to show an abandonment of a homestead; viz, an intent to abandon, and actual abandonment. It would be useless to set forth in detail the evidence concerning these matters. We find no error in this respect.

It is claimed that the deputy county clerk cannot attest a homestead entry except in the name of his principal. It is admitted that the deputy may perform the duties of his principal in the name of the principal, but it is urged that he cannot perform such duties in his own name, except in case of the absence or disability of the clerk or in case of a vacancy in the office as provided for by general section 1258, Revised Statutes, 1908.

Section 1, article 18 of our constitution provides that the general assembly shall pass liberal homestead and exemption laws. Such laws when enacted are not in derogation of the common law, but are to be liberally construed for the purpose of giving effect to the beneficient object in view.—*Barnett et al. v. Knight et al.,* 7 Colo. 365; *McPhee et al. v. O'Rourke,* 10 Colo. 301; *Wright v. Whittick,* 18 Colo. 54.

In the case of *Roberts v. The People,* 9 Colo. 458, this court had occasion to consider the powers of deputy county clerks and records. It was there held that, although the statute did not so state in specific language, yet ample authority was conferred upon the deputy

county clerk to administer all oaths necessary to be administered in matters pertaining to the business and duties of the office; thus giving to our statutes in ordinary matters a much more liberal construction than conceded by the plaintiffs in error. While it is not commented upon in the opinion, the original record in that case discloses that the oath in question was taken by the deputy county clerk in his own name as such and not in the name of his principal. Its exact language being "Subscribed and sworn to before me this 30th day of June, A. D. 1883. W. H. SALISBURY, Deputy County Clerk." The same question, when applied to the acknowledgment of a deed, was passed upon in the case of *Touchard v. Crow*, 20 Calif. 150, in an opinion by CHIEF JUSTICE FIELD, where the concluding clause of the acknowledgment was as follows, "Witness my hand and seal of court hereto affixed at office, this thirtieth day of July, A. D. 1852. John A. Brewster, deputy county clerk of Sonoma county." This acknowledgment was held good. We think the reasons for so holding in the case at bar are much stronger, and that it would be a sacrifice of substance to form to hold it void for the reason simply that the party attesting did so in his own name as deputy instead of adding the name of his principal thereto by him as such deputy.

In vol. 11, Cyc page 440, it is said, "As a general rule deputies of any officers heretofore mentioned may perform any purely ministerial duties of such officers, when duly appointed and qualified." We think the attestation of the deputy county clerk was sufficient to sustain the validity of the homestead declaration so attested.

Complaint is made to the admission in evidence of the unacknowledged deed and giving force and effect thereto. General sections 693 to 697, inclusive, Revised

Statutes, 1908, provide under certain conditions for the recognition and effect to be given, when recorded, of unacknowledged deeds. Under the admitted facts in the pleadings and the admission by counsel in open court, both of which recognized and conceded the existence and effect of this deed, although unacknowledged, for which reasons the court was justified without further evidence . as to its execution in giving effect thereto. Under our statute this deed, though unacknowledged, conveyed title and was the proper place upon which to make the entry of the homestead declaration.

The further contention is made that if this homestead was not abandoned by Mrs Richter before the execution of her deed to Henry Garbanati, Sr., she, having married Henry Garbanati, Jr., prior to its execution, could not convey the homestead without the joinder of her husband, as provided for by the act then in force to be found at page 153, Session Laws, 1903, concerning conveyances by husband and wife and hence the deed so attempting was void. The pleadings do not raise such an issue. The allegations of the answer are to the effect, that Mrs. Richter had abandoned this residence as a homestead prior to the execution of this deed, and for that reason the judgment lien attached thereto before its execution; that the deed was made without consideration to defraud creditors, and that the homestead declaration itself was void. They now claim that the deed was invalid because not joined in by the husband. As stated in the case of *DeVotie v. DeGerr*, 15 Colo. 467, a party ought not to be allowed to tender one issue and recover upon another. This court has repeatedly declined to pass upon questions not raised in the court below, but if this question were necessary to be determined it could be disposed of by the statement that if it is one which a creditor

can raise there is no evidence which discloses that. the .husband was at the time of the execution of this deed residing with the wife or her with him, or that he ever resided on these premises or had any interest or claim therein or made any claim thereto, while, as previously stated, the legitimate inference to be gathered from the evidence is that they were separated. In any event, if the defendants could have raised this question they should have done so by the pleadings, followed with evidence of the facts which they claim would have made the deed invalid; this they did not do.

The judgment is affirmed.                     *Affirmed*.

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.

Decided February 5, A. D. 1912. Rehearing denied April 1, A. D. 1912.