Mr. Justice Moore
delivered the opinion of the Court.
We will refer to the plaintiff in error as the plaintiff, and to the defendants in error as the defendants.
The action was brought to obtain a decree of foreclosure upon a deed of trust executed by defendants to secure payment of a promissory note for the principal sum of $3100.00 The note was dated February 17, 1961, and was payable one year from date. It called for the payment of interest at 7% per annum until maturity and 12% thereafter.
The defendants filed an answer in which they denied that the note in question was in default. They alleged that the plaintiff, “by words and acts agreed to extend the principal payment of the note beyond February 1964.” For counterclaim they alleged that on January 8, 1960, a homestead exemption was entered in and upon property involved in the foreclosure action, which antedated the deed of trust, and by reason thereof “the plaintiff is indebted to these defendants as a result of said foreclosure in the amount of $5000.00.” They further alleged that the loan by plaintiff to them was “made in violation of the 1913 Money Lenders Act, and was, in fact, usurious; that the defendants have paid a sum of *84 approximately $300.00 in excess of said statute and pray for treble damages on said excess overpayment.” The prayer of the answer and counterclaim was that the plaintiff’s complaint be dismissed and that the defendants have judgment against the plaintiff in the amount of $5900.00.
It is admitted that two extensions were granted to the defendants, each of which was for one year. When these extensions were granted the defendants paid $217.00 interest and they were also required to make additional payments of $200.00 as consideration for granting each of the extensions. The case was tried to the court without a jury. The Findings of Fact and Conclusions of Law contain the following:
“The testimony in the case indicated that a loan had been obtained by the Defendant from Plaintiff through Plaintiff’s counsel, Mr. Lehman, as the two parties had never met. The original note was for $3,100.00, but the Defendant received $2,900.00. The note was extended in 1962 and again in 1963, at which time the Defendant paid to the Plaintiff’s attorney the sum of $417.00 which, Defendant testified, represented and included interest of $217.00 and a fee of $200.00 for the extension. On rebuttal testimony, the Plaintiff testified each year he received the $217.00 interest and knew nothing about the additional monies paid by the defendant to plaintiff’s counsel. In February of 1964, the interest was not paid and the extension was not executed for the reason that the plaintiff’s counsel stated the Plaintiff was going to foreclose the deed of trust.
“THE COURT NOW FINDS the evidence fails to indicate that plaintiff’s counsel was in the lending business, licensed according to the statutes of the State of Colorado, and that the fee of $200.00 would be an unconscionable fee for the preparation of the extension of a deed of trust. That the Court finds that Robert G. Lehman was acting as agent for the Plaintiff during the existence of this note in question, and that the extra *85 $400.00 collected by him should have applied to the interest on the aforesaid note.
“The Court finds that the defendant has paid the sum of $400.00, which shall apply to the interest due on the note and that the Public Trustee of the County of Jefferson is hereby enjoined from foreclosing this property. The original note shall be placed with the Clerk of the Court and not released until ordered to do so by the Court.
“The Court finds in favor of the defendants and against the plaintiff for the issues of this case.”
The formal judgment entered pursuant to the foregoing findings contains the statement that:
“* * * Judgment is hereby entered in favor of the above named Defendants, Ralph W. Hanna, Harriet M. Hanna and Colorado State Bank of Denver, and against the above named Plaintiff, Raymond C. Landmeier, for the issues of this case.”
 At this point we note that the Colorado State Bank of Denver, although named in the complaint as a defendant, was never served with process in the action and made no appearance. We note further that although the Findings of Fact and Conclusions of Law purported to enjoin the public trustee of Jefferson county from foreclosing the property, the said officer was not a party to the action, and the “injunction” is accordingly a nullity. We cannot be certain whether the trial court, in causing judgment to enter in favor of the defendants, “for the issues of this case,” intended to award the sum of $5900.00. There is of course no legal basis for such an award. When the defendants executed the deed of trust they waived their homestead exemption to the extent of the debt secured by the deed of trust.
The defendants did not claim that the payments of $200.00 were made to be credited to either interest or principal. They understood that it was a charge made by the plaintiff as consideration for the extension of the note. There is no evidence that the plaintiff knew about *86 the assessment of this charge and he did not actually receive the money. Under these facts the payments made by defendants for extensions cannot operate to enlarge or diminish the rights and responsibilities assumed by them as those matters are set forth in the note and deed of trust.
Whether another action might be maintained for the recovery of money had and received as between the plaintiff and his attorney, or as between the defendants and the lawyer to whom they paid the $400.00 (which the court found was paid as interest on the note), is not a question for decision in this case.
The judgment is erroneous and is reversed. The cause is remanded for further proceedings consistent with the views expressed herein.
Mr. Justice McWilliams not participating.