**Betty FRANK, Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK IN LOVELAND, Alistair MacDonald, Jimmie Jenkins, Assignee of Shield Farms, Inc., and Public Trustee for Larimer County, Defendants-Appellees.**

No. 81CA0546.

Colorado Court of Appeals,
Div. III.

July 1, 1982.

Rehearing Denied Aug. 19, 1982.

Certiorari Denied Nov. 8, 1982.

Harry A. King, III, Denver, for plaintiff-appellant.

Dietze, Davis & Porter, Allan C. Beezley, Boulder, Hammond, Clark & White, Gregory A. White, Loveland, for defendants-appellees.

TURSI, Judge.

The dispute between these parties arises out of the foreclosure by defendant First National Bank of Loveland (Bank), of a deed of trust on plaintiff's homesteaded property through the public trustee. The trial court granted summary judgment to the named defendants on all of plaintiff's claims except one. The claim remaining before the trial court is not germane to this appeal, and a proper C.R.C.P. 54(b) certification was entered as to the claims before us. Plaintiff appeals, and we affirm in part and reverse in part.

Prior to the incidents involved in this dispute, plaintiff had filed a homestead exemption upon her home which she owned clear of any encumbrances. In 1977, she borrowed approximately $1600 from Bank. Some horses and her motor vehicle were pledged as security. Plaintiff failed to make payments on the note.

In January 1978, when the power in her home had been cut off because of her failure to make utilities payments, plaintiff and her daughter were spending the night in her motor vehicle. At that time, she was contacted by a Bank official who threatened to repossess the vehicle. The record is not clear as to subsequent negotiations; however, plaintiff executed a new note paying off the prior one and executed a deed of trust on her home as security for the new loan. She failed to make the required payment on the note secured by the deed of trust, and the Bank initiated proceedings to foreclose through the public trustee.

At the sale, the Bank bid in the amount due on its note, together with interest, costs, and attorneys fees in the approximate sum of $2600. Defendant MacDonald, who was familiar with the property, bid $3000, and was the purchaser. Defendant Jimmy Jenkins, the assignee of a judgment credi-

tor of record, junior to the homestead exemption, redeemed when plaintiff failed to do so. The public trustee issued a deed to Jenkins and credited him with the excess over the Bank's bid. Two days later, MacDonald purchased the property from Jenkins for $10,500. The undisputed value of the property at the time of the public trustee sale was $40,000.

Plaintiff instituted this action some four and one-half months later, alleging, *inter alia,* that she had not signed the note secured by the deed of trust, that the public trustee improperly sold the property without a note secured by the deed of trust, that the Bank had failed to make proper disclosure to her, that she had signed the deed of trust under duress, and that the Bank incorrectly computed the annual percentage rate of interest, contrary to the Federal Truth in Lending Act. Our examination of the record submitted supports the trial court's conclusion that there are no material facts in dispute to support these claims. Thus, the trial court properly entered summary judgment on these issues. *Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978).

Additionally, plaintiff alleges that the public trustee improperly sold her homestead interest in the property in violation of § 38–41–206, C.R.S.1973 (1981 Cum.Supp.). Plaintiff finally alleges that under all of the attendant circumstances, the bid price of $3000 upon homesteaded property with an undisputed value of $40,000 was so grossly inadequate as to constitute fraud and should therefore be set aside.

The defendants contend that plaintiff waived her homestead right as to all creditors and that the homestead exemption does not apply in sales by a public trustee. Further, the defendants contend that the mere inadequacy of price in and of itself is not sufficient to justify the setting aside of the sale and that plaintiff was guilty of laches and waiver. The trial court did not rule on the latter issue.

First, we disagree with defendants' contention that the waiver of the home-

stead right contained in the deed of trust constitutes a waiver to all creditors. When plaintiff executed the deed of trust with a waiver of her homestead exemption, she waived it only to the extent of the indebtedness secured by the deed of trust. *Landmeier v. Hanna,* 157 Colo. 82, 401 P.2d 86 (1965).

Second, we disagree with the contention of the defendants that the homestead exemption applies only in a sheriff's sale on execution in aid of judgment and does not apply in public trustee sales. *Patterson v. Serafini,* 187 Colo. 209, 532 P.2d 965 (1974). In *Baker v. Allen,* 34 Colo.App. 363, 528 P.2d 922 (1974), this court set aside as void the sale by a trustee in bankruptcy when the bid at the bankruptcy sale was less than the amount of the homestead interest of the debtor. In *Wallace v. First National Bank,* 125 Colo. 584, 246 P.2d 894 (1952) the homestead exemption was applied in the court ordered sale of the homesteaded property in the administration of an intestate estate.

Thus, although we agree with the Bank that its institution of the foreclosure and subsequent bid to the extent of its claim against the property was within the waiver of homestead contained in the deed of trust, we do not agree that the homestead did not exist as to other bidders at the sale and as to junior lien holders.

The public trustee was on notice of plaintiff's homestead rights. By accepting a bid beyond the waiver contained in the deed of trust without regard to the homestead, the public trustee was forcing plaintiff to redeem a portion of her homestead to which the waiver did not apply. The public trustee compounded this problem by awarding the sum in excess of the Bank's bid to Jenkins.

Sales by a public trustee are governed by § 38–37–113, C.R.S.1973 (1981 Cum.Supp.). Not only homestead exemptions, *Patterson v. Serafini, supra,* but redemption rights as provided in sales on execution are incorporated in public trustee sales. Sections 38–37–113(8), 38–39–102, and 38–39–103, C.R.S. 1973 (1981 Cum.Supp.).

*Colo. Const.* Art. XVIII, Sec. 1 mandates that the General Assembly pass liberal homestead exemption laws. The homestead exemptions are not in derogation of the common law and must be liberally construed so as to give effect to their beneficent purposes. *Edson-Keith & Co. v. Bedwell,* 52 Colo. 310, 122 P. 392 (1912); *Barnett v. Knight,* 7 Colo. 365, 3 P. 747 (1884). Section 38–41–201, C.R.S.1973 (1981 Cum. Supp.) contains the provision exempting the homestead from execution and attachment arising from any debt, contract, or civil obligation. A judgment creditor's rights of redemption are set out in § 38–39–102, C.R. S.1973 (1981 Cum.Supp.), and that section encompasses foreclosure by deed of trust or of any other lien. This section is incorporated by reference in § 38–37–113(8), C.R.S. 1973 (1981 Cum.Supp.).

Therefore, to effect the beneficent purposes of our homestead exemption statute, we hold that when a public trustee conducts a sale of homesteaded property upon a deed of trust with a waiver therein, the public trustee must limit the sale to the extent of the waiver or else require that the sale of the homestead conform to the safeguards in a forced sale of homestead by execution as set forth in § 38–41–206, C.R. S.1973 (1981 Cum.Supp.).

Because of our holding above, we do not address the question of gross inadequacy of the sale price.

Therefore, the judgment is affirmed as to the summary judgment on the claims of duress, execution of the note and deed of trust, and failure of compliance with the Federal Truth in Lending Act, and is reversed as to the summary judgment on the claim of improper sale of the homestead. The cause is remanded for further proceedings consistent with the views expressed herein.

STERNBERG and KIRSHBAUM, JJ., concur.