Kenneth W. HOWELL,
Plaintiff-Appellee,

v.

Dean T. FARRISH and Elvi Joanne Barnett, Defendants-Appellants.

No. 84CA0120.

Colorado Court of Appeals,
Div. III.

Jan. 30, 1986.

Rehearing Denied March 13, 1986.

Certiorari Denied (Barnett)
Sept. 29, 1986.

Stutz, Dyer, Miller & Delap, R. Gregory Stutz, F. James Donnelly, Denver, for plaintiff-appellee.

John A. Meininger, Englewood, for defendant-appellant Elvi Joanne Barnett.

**10**

No Appearance for defendant-appellant Dean T. Farrish.

BERMAN, Judge.

Two defendants, Dean T. Farrish and Elvi Joanne Barnett, appeal the judgment in favor of plaintiff, Kenneth W. Howell, holding that plaintiff's redemption of certain real property from a public trustee's sale pursuant to § 38–39–101, et seq., C.R.S., does not constitute a proceeding against the property that would require compliance with the procedures specified in the homestead exemption statute, § 38–41–201, et seq., C.R.S. (1982 Repl.Vol. 16A).

The issue before us is whether a junior judgment lien creditor may redeem from a public trustee's sale according to the procedures set forth in §§ 38–39–102 and 38–39–103, C.R.S. (1982 Repl.Vol. 16A), without complying with the requirements of the homestead exemption statute, § 38–41–201, et seq., C.R.S. (1982 Repl.Vol. 16A). We hold that a junior judgment lien creditor may do so and therefore affirm.

The facts in this case are the following. Defendants Farrish and Barnett were husband and wife for 17 years and jointly owned the property in question. The property was encumbered by a deed of trust which contained a waiver of the homestead exemption clause by defendants. The exemption allows a homeowner to exclude from execution any debt, contract, or civil obligation not exceeding the sum of $20,000. Section 38–41–201, C.R.S. (1982 Repl. Vol. 16A).

On August 13, 1981, the marriage of defendants was dissolved. On April 7, 1982, plaintiff recorded a judgment lien on the property based on a previously obtained judgment against defendants. On August 17, 1982, foreclosure proceedings were commenced against the property by the Arapahoe Colorado National Bank. On October 5, 1982, the bank purchased the property for the amount due it. Neither Farrish nor Barnett exercised the redemption rights accorded them under § 38–39–102, C.R.S. On December 30, 1982, pursuant to § 38–39–103, C.R.S., plaintiff redeemed the property by paying to the public trustee $94,074, the amount due under the deed of trust in favor of the bank.

Thereafter, plaintiff filed this action in the district court requesting a judgment that defendants had no homestead exemption rights with respect to the property. The district court granted that request, and this appeal ensued.

Section 38–41–201, C.R.S. (1982 Repl.Vol. 16A) provides that:

"Every homestead ... shall be exempt from *execution and attachment* arising from any debt ... not exceeding in value the sum of $20,000...." (emphasis added).

Here, however, the homestead exemption clause is inapplicable. While the statute concerning homestead exemption is generally interpreted liberally, such exemption is, nevertheless, entirely a creature of statute. *Barnett v. Knight,* 7 Colo. 365, 3 P. 747 (1884). Thus, there are no homestead exemption rights independent of the statute. *McPhee v. O'Rourke,* 10 Colo. 301, 15 P. 420 (1887); *Helkey v. Ashley,* 113 Colo. 175, 155 P.2d 143 (1945).

Here, plaintiff redeemed the property in question at a foreclosure sale pursuant to § 38–39–103, C.R.S. (1982 Repl.Vol. 16A). The only party "executing" upon defendants' property was the Arapahoe Colorado National Bank, not plaintiff. A judgment creditor's right of redemption is also entirely a matter of statute. *First National Bank v. Energy Fuels Corp.,* 200 Colo. 540, 618 P.2d 1115 (1980). Like the statute concerning the homestead exemption, statutes concerning rights of redemption are also to be liberally construed. *Walker v. Wallace,* 79 Colo. 380, 246 P. 553 (1922).

Contrary to defendants' assertions, the redemption statute is not an execution procedure; rather, it serves the purpose of benefiting debtors and creditors by reducing the property owner's debt while satisfying every possible creditor. *First National Bank v. Energy Fuels Corp., supra.*

Section 38–39–103, C.R.S. (1982 Repl.Vol. 16A) provides that:

"If no redemption is made within the redemption period provided for in § 38-39-102, the ... lienor ... may redeem within ten days after the expiration of the above redemption period by obtaining the amount required by § 38-39-102."

Plaintiff followed these procedures, and thus, his redemption rights cannot be construed to be an execution.

Neither *Frank v. First National Bank*, 653 P.2d 748 (Colo.App.1982) nor *Patterson v. Serafini*, 187 Colo. 209, 532 P.2d 965 (1974) is applicable here. In those cases, the court held that an owner, rather than the redeeming junior lienor, is entitled to the surplus of property sold in a public trustee's sale over the amount of the trust deed indebtedness. Here, plaintiff redeemed the property by paying to the public trustee the sum of $94,074, the exact amount due under the deed of trust.

Given the competing public policies for a liberal construction of both the homestead exemption statute and the redemption statute, we conclude the trial court properly held that a junior lien creditor may redeem from a public trustee's sale under §§ 38-39-102 and 38-39-103, C.R.S. (1982 Repl. Vol. 16A) without complying with the homestead exemption statute, § 38-41-201, et seq., C.R.S. (1982 Repl.Vol. 16A).

The judgment is affirmed.

METZGER, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

I would reverse the trial court ruling because of Howell's failure to comply with the provisions of § 38-41-206, C.R.S. The trial court erred in concluding that Howell's redemption of the property was not a proceeding against the property.

It is undisputed that on October 5, 1982, Arapahoe Colorado National Bank (Bank) purchased the property in question at a foreclosure sale for the amount owed under a deed of trust. This was done without regard to the homestead exemption because Farrish and Barnett had waived the homestead exemption as to the Bank. However, this waiver was not effective as to Howell.

In *Frank v. First National Bank*, 653 P.2d 748 (Colo.App.1982) (*cert. denied* Nov. 8, 1982), this court held that a waiver of homestead right in a deed of trust does not constitute a waiver of that right as to all creditors and thus was not a waiver of homestead rights to junior judgment lienholders. *Frank* was decided on July 1, 1982, and its holding is controlling in this case. Thus, the waiver to the Bank had no effect in favor of Howell when he redeemed the property on December 30, 1982.

The importance of the *Frank* holding to this case is underscored by the fact that the homestead provisions were amended, effective June 15, 1983, with an additional section which extends the effects of a waiver of homestead rights to persons redeeming property sold in foreclosure. Section 38-41-212, C.R.S. (1985 Cum.Supp.). This section was enacted subsequent to all material events in the case at hand; therefore, it has no bearing on the outcome of this case. Nevertheless, it does serve to highlight the interrelationship between foreclosure, redemption, and the homestead exception.

Howell's right of redemption must be considered in light of the statutory framework which created that right and which was applicable when it was exercised. That framework includes the homestead exemption.

Because *Frank* limits a homestead exemption waiver in a deed of trust to only the beneficiary of that trust deed, Howell's right of redemption remains subject to the undisputed homestead exemption. Therefore, Howell is not entitled to reap the benefit of redemption until he complies with the requirements of the homestead exemption statutes set out at § 38-41-201, et seq., C.R.S.