**WHISPERING PINES WEST CONDO-MINIUM ASSOCIATION, INC.,**
Plaintiff–Appellant,

v.

**Cynthia G. TREANTOS,**
Defendant–Appellee.

**No. 88CA0353.**

Colorado Court of Appeals, Div. C.

April 20, 1989.

Rehearing Denied May 18, 1989.

Certiorari Denied Sept. 5, 1989.

Ellwood, Ellwood & Pontius, Jennifer L. Veiga, Denver, for plaintiff-appellant.

Legal Aid Soc. of Metropolitan Denver, Marilyn T. Meadoff, Denver, for defendant-appellee.

SILVERSTEIN *, Judge.

Plaintiff, Whispering Pines West Condominium Association, Inc., appeals from the summary judgment entered against it declaring its claimed assessment lien subordinate to the claimed homestead exemption of defendant, Cynthia Treantos. We reverse.

The essential facts are not in dispute. The association recorded its declaration of covenants, conditions, and restrictions in Denver County on November 6, 1978. The declaration provides in pertinent part:

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

"All sums assessed from time to time for the share of common expenses chargeable to any condominium unit, and unpaid, plus interest thereon at eighteen (18%) percent per annum, shall constitute a lien on such unit superior to all other liens and encumbrances whether in existence before the particular assessment or not, excepting only: (1) Tax and special assessment liens of any governmental unit; and (2) All sums on a recorded first mortgage or first deed of trust....

. . . .

"Such lien shall become choate on the due date of the assessment and shall be superior to all other liens except as hereinabove provided. Such lien may be enforced by foreclosure of the defaulting owner's condominium unit by the Association in like manner as a mortgage on real property."

Defendant acquired title to her condominium by deed dated March 30, 1979, and recorded April 9, 1979. She became a member of the association and agreed to pay assessments based upon the declarations. On February 13, 1987, the association filed a statement of lien and thereafter commenced an action to foreclose that lien.

The association's motion for summary judgment was denied by the trial court, which concluded that defendant's homestead exemption was superior to the lien. The parties thereafter stipulated to a money judgment against defendant.

We initially note that § 38–33–105(2), C.R.S. (1982 Repl.Vol. 16A) of the Colorado Condominium Ownership Act states:

"To the extent that any ... declaration ... provides for the payment of charges assessed by the association upon condominium units ... any rule of law to the contrary notwithstanding the same shall be considered as covenants running with the land binding upon all ... owners and their successors in interest."

The General Assembly by this enactment has determined that the covenant to pay assessments is an affirmative one directly concerning the real property interest. *See*

*In re Lincoln,* 30 B.R. 905 (Bankr.D.Colo. 1983).

Here, the declaration has arranged for the provision of services to the owners of each unit and for the maintenance of facilities devoted to common use and, by the above-quoted section, has bound the purchasers of the units to pay for such services. The covenant, by statute, thus recognized that proper assessments for proper association purposes tend directly and necessarily to enhance the value of the real property or render it more beneficial to those by whom it is owned or occupied. The covenant to pay assessments thus inures directly and primarily to the benefit of the owner of the property.

The language of the declaration clearly provides that assessments shall constitute a lien superior to all other encumbrances save governmental liens and recorded first deeds of trust. Such superiority is achieved on the date the assessment lien becomes choate, which is the due date of assessment. It is not disputed that defendant had actual or constructive knowledge of these provisions, as they were in existence and recorded before she received title.

Given this record notice, when defendant accepted the deed she manifested the intent to be thereby bound, and to let the property secure her obligation to pay. An affirmative covenant can be entered into by acceptance of a deed embodying the same, *Regan v. Customcraft Homes, Inc.,* 170 Colo. 562, 463 P.2d 463 (1970), and thus here, a valid contractual lien was created at the time defendant took title.

The homestead exemption provided by § 38–41–201, C.R.S. (1982 Rep.Vol. 16A) is not absolute, and may be waived. *See Landmeier v. Hanna,* 157 Colo. 82, 401 P.2d 86 (1965). The ownership interest here was limited by the affirmative covenant to pay valid assessments prior to the creation of any homestead status. Acceptance of this limitation constituted a waiver of the right to assert the homestead status against this lien, and such status cannot circumvent the inherent characteristics of the property acquired. *See Inwood North Homeowners' Ass'n v. Harris,* 736 S.W.2d 632 (Tex.1987); *In re Lincoln, supra; Bes-*

*semer v. Gersten,* 381 So.2d 1344 (Fla. 1980).

The judgment is reversed, and the cause is remanded for further proceedings.

STERNBERG and ENOCH, JJ., concur.