Anthony JANICEK and Pamela Janicek,
Plaintiffs–Appellants and Cross–
Appellees,

v.

OBSIDEO, LLC and 1502 Forrestal, LLC,
as Assignee of Obsideo, LLC,
Defendants–Appellees,

and

Snavely Development Company, Assignor
to Obsideo, LLC, Defendant–Appellee
and Cross–Appellant.

No. 10CA1853.

Colorado Court of Appeals,
Div. II.

Dec. 8, 2011.

Keiffer, LLC, Jeffrey C. Keiffer, Denver, Colorado, for Plaintiffs–Appellants and Cross–Appellees.

March, Olive & Pharris, LLC, J. Brad March, Fort Collins, Colorado, for Defendants–Appellees.

Semler and Associates, R. Parker Semler, Matthew Nelson, Denver, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge MILLER.

In this action seeking payment of excess proceeds tendered at a public trustee foreclosure sale, plaintiffs, Anthony and Pamela Janicek (homeowners), appeal the trial court's orders in favor of defendants, Obsideo LLC and 1502 Forrestal, LLC (collectively, Obsideo) and Snavely Development Company (Snavely). Snavely cross-appeals the trial court's denial of its request for attorney fees. We affirm. In doing so, we hold that homeowners' non-waiver of their homestead exemption rights under Snavely's second deed of trust did not operate as a waiver by Snavely of the provisions of section 38–41–212(1), C.R.S.2011. That statute provides that, in connection with the foreclosure of a property by a senior lienholder whose deed of trust contained a homestead waiver, a

junior lienholder may acquire the property through redemption free and clear of any homestead rights. Therefore, Snavely's transferee redeemed the foreclosed-upon property free and clear of homeowners' homestead exemption rights.

## I. Background

Homeowners executed a first deed of trust on their home for the benefit of a lender, not a party to this action, which contained a waiver of their statutory homestead exemption rights. Homeowners also executed a second deed of trust for the benefit of Snavely. The second deed of trust did not include such a waiver, and homeowners presented evidence that the non-inclusion of the waiver was negotiated with Snavely.

The lender holding the first deed of trust foreclosed. The day before the public trustee sale, Snavely sold the note securing the second deed of trust to Obsideo. At the sale, Obsideo was outbid by the winning bidder, and the proceeds from the public trustee sale exceeding the bid submitted by the foreclosing lender totaled $24,769.71 (excess proceeds).

Shortly thereafter, homeowners filed a petition for declaration of homestead rights and a temporary restraining order, alleging that, because they negotiated to keep their homestead rights in the second deed of trust, they should receive the excess proceeds. The trial court entered a temporary restraining order and an order to show cause why homeowners' homestead rights were not valid.

After the case was filed, Obsideo sought to redeem by tendering payment to the public trustee on the last day of the redemption period. However, Obsideo failed to include two days of per diem interest, in the amount of $99.56, which it paid to the public trustee two days after the redemption deadline. The public trustee remitted the money paid by Obsideo to the winning bidder, who accepted it, and issued a certificate of redemption to Obsideo. Pursuant to the trial court's temporary restraining order, however, the public trustee held the excess proceeds and did not issue a trustee's deed pending further orders from the court.

Homeowners then filed a motion to strike the certificate of redemption, arguing that (1) in failing to pay the $99.56 of interest by the redemption deadline, Obsideo did not strictly comply with the redemption statute, and (2) the public trustee could not extend the redemption period absent fraud. Accordingly, homeowners sought an order requiring the public trustee to convey the property to the winning bidder and disburse the excess proceeds to homeowners.

After a hearing, the trial court determined that homeowners waived their homestead rights in the first deed of trust and were not entitled to claim a homestead exemption in foreclosure proceedings pursuant to that instrument. Thus, Obsideo was entitled to acquire the property free of any homestead rights because it redeemed pursuant to foreclosure of the first deed of trust. The court further held that homeowners had no standing to challenge Obsideo's redemption because, if the court were to strike the certificate of redemption, the property would pass to the winning bidder rather than homeowners. Accordingly, the trial court vacated the temporary restraining order and held that Obsideo was entitled to the excess proceeds up to the amount of the note secured by the second deed of trust.

Snavely thereafter moved for an award of attorney fees, arguing that homeowners' claims lacked substantial justification. The trial court denied Snavely's motion for attorney fees after finding that homeowners presented a rational argument and that their claims did not lack substantial justification.

On appeal, homeowners contend (1) the second deed of trust contractually placed their homestead rights in a superior position to the lien secured by that instrument, and therefore they are entitled to the excess proceeds; (2) Obsideo's failure to strictly comply with the redemption statute entitles them to the excess proceeds; and (3) various equitable doctrines bar Obsideo from receiving the excess proceeds. In its cross-appeal, Snavely contends the trial court erred in denying its request for attorney fees because homeowners' claims were substantially frivolous. We are not persuaded by any of these contentions.

## II. Mootness

As a preliminary matter, we reject Obsideo's argument that homeowners' appeal is moot. Obsideo argues that this court cannot reverse the trial court's vacating of the temporary restraining order and set aside the redemption because the property was sold to a third party after the order was vacated.

■ "A case is moot when a judgment, if rendered, would have no practical legal effect upon an existing controversy." *Moran v. Standard Ins. Co.*, 187 P.3d 1162, 1164 (Colo. App.2008).

■ Based on our review of the pleadings, we understand that, at core, homeowners claim that they are entitled to be paid the excess proceeds. They do not appear to assert any claim to the property itself, but rather advance each of their various theories in support of their claim to the excess proceeds.

*Patterson v. Serafini*, 187 Colo. 209, 532 P.2d 965 (1974), supports homeowners' position that their claim for excess proceeds is not moot. There, a junior lienholder redeemed the property following foreclosure of a senior deed of trust and, pursuant to court order, was paid the excess proceeds tendered by the winning bidder at the public trustee sale. *Id.* at 211–12, 532 P.2d at 966–67. The supreme court addressed the merits of the owner's claim that, by virtue of her homestead rights, she, rather than the redeeming junior lienholder, was entitled to be paid the excess proceeds. *Id.* at 213–14, 532 P.2d at 967–68. Upon holding that the owner was entitled to the excess proceeds, the *Patterson* court remanded the case to the trial court with directions to enter judgment in favor of the owner and against the redeeming junior lienholder in the amount of the excess proceeds.[1] *Id.* at 214, 532 P.2d at 968; *see also Thomas v. Lynx United Grp., LLC,* 159 P.3d 789, 792 (Colo.App.2006) (acquiescence by appellant in court-ordered foreclosure did not render appeal moot); *FCC Constr., Inc. v. Casino Creek Holdings, Ltd.,* 916 P.2d 1196,

1198 (Colo.App.1996) (same); *but see Mount Carbon Metro. Dist. v. Lake George Co.,* 847 P.2d 254, 256–57 (Colo.App.1993) (court may not set aside a completed foreclosure sale, and appeal by the party foreclosed upon was therefore moot).

Here, the public trustee disbursed the excess proceeds to Obsideo. Accordingly, because homeowners could obtain a judgment against Obsideo for the amount of the proceeds if they prevail, their claim is not moot.

## III. Homestead Rights

■ Homeowners contend that the second deed of trust contractually placed their homestead rights in a superior position to the lien secured by that instrument. Accordingly, homeowners argue that they are entitled to the excess proceeds because, in the second deed of trust, Obsideo waived its right under section 38–41–212(1) to take the property free of their homestead rights. We are not persuaded.

The homestead exemption statute, section 38–41–201(1)(a), C.R.S.2011, provides in pertinent part:

> Every homestead ... shall be exempt from execution and attachment arising from any debt ... not exceeding in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon ... [t]he sum of sixty thousand dollars.

In *Frank v. First Nat'l Bank,* 653 P.2d 748 (Colo.App.1982), a division of this court held that a waiver of homestead rights contained in a deed of trust did not constitute a waiver as to all junior lienholders. 653 P.2d at 749–50. Rather, the waiver operated only to the extent of the debt secured by the deed of trust. *Id.* at 750. The General Assembly subsequently extended a senior lienholder's waiver of homestead rights to junior lienholders by enacting section 38–41–212(1). As relevant to this case, that statute provides:

> Any purchase by an encumbrancer, lienholder, or any other person or any re-

---

1. The *Patterson* court dismissed as moot the owner's argument that the foreclosure sale must be declared void and the public trustee accordingly be temporarily enjoined from issuing a deed be- cause the owner failed to file a lis pendens prior to issuance of the deed. *Id.* at 214, 532 P.2d at 968. Nonetheless, the court considered and ruled on the excess proceeds issue. *Id.*

demption by a junior lienholder pursuant to a foreclosure sale conducted by … [a] public trustee … pursuant to a … deed of trust … which contains a waiver of homestead rights in the encumbered property shall be subject to such waiver of homestead rights, and the purchaser of or person redeeming the property shall be entitled to acquire said property free of any homestead rights….

Accordingly, a contractual waiver of homestead rights in a deed of trust constitutes a waiver as to all junior lienholders, and any junior lienholder redeeming the property takes it free and clear of any homestead rights. Thus, section 38–41–212(1) effectively abrogated *Frank* on this issue.

The trial court here found, and we agree, that section 38–41–212(1) plainly applies in this case. Because homeowners waived their homestead rights in the first deed of trust, any junior lienholder, like Obsideo, redeeming pursuant to foreclosure of the first deed of trust would be entitled to take the property free of any homestead rights. Moreover, redemption is not an execution procedure for the purposes of the homestead exemption statute. *See Howell v. Farrish,* 725 P.2d 9, 10–11 (Colo.App.1986) (a junior lienholder may redeem from a public trustee's sale without complying with the homestead exemption statute because the only party executing on the property was the foreclosing senior lienholder); *see also City Ctr. Nat'l Bank v. Barone,* 807 P.2d 1251, 1252 (Colo. App.1991) ("Junior lien creditors may redeem from a public trustee's sale without complying with the homestead exemption because redemptive rights are not in the nature of execution.").

Homeowners nonetheless contend that Obsideo contractually waived section 38–41–212. They argue that the lack of a waiver of homestead rights in the second deed of trust placed their homestead rights in a superior position to Obsideo's lien, including for the purposes of redemption pursuant to foreclosure of the first deed of trust. They base this argument on (1) paragraph 22 of the second deed of trust, which states in its entirety, "22. Waiver of Exemptions. Pur-

posefully omitted."; and (2) parol evidence regarding the negotiation of that language.

■ While the trial court did not explicitly reject homeowners' contractual interpretation argument, such a finding was implicit in the court's ruling that homeowners were not entitled to claim a homestead exemption. *See People v. McGraw,* 30 P.3d 835, 838 (Colo.App.2001). We review a trial court's interpretation of a contract de novo. *Rhino Fund, LLLP v. Hutchins,* 215 P.3d 1186, 1190 (Colo.App.2008).

■ Courts interpret a deed of trust according to basic contract interpretation principles. *Estates in Eagle Ridge, LLLP v. Valley Bank & Trust,* 141 P.3d 838, 842 (Colo.App.2005). Accordingly, we determine the intent of the parties from the language of the instrument. *Id.* "Written contracts that are complete and free from ambiguity will be found to express the intention of the parties and will be enforced according to their plain language." *Id.* We must interpret and enforce contracts as written, and we cannot rewrite or restructure them. *Fox v. I–10, Ltd.,* 957 P.2d 1018, 1022 (Colo.1998). Finally, we do not consider parol evidence unless the contract is so ambiguous that the intent of the parties is unclear. *Boyer v. Karakehian,* 915 P.2d 1295, 1299 (Colo.1996) ("In the absence of allegations of fraud, accident, or mistake in the formation of the contract, parol evidence may not be admitted to add to, subtract from, vary, contradict, change, or modify an unambiguous integrated contract."). The determination whether a contract is ambiguous is a question of law. *Titan Indem. Co. v. Travelers Prop. Cas. Co.,* 181 P.3d 303, 306 (Colo.App.2007).

We conclude that the plain language of the deed of trust unambiguously expresses the parties' intentions concerning homeowners' homestead rights. The second deed of trust clearly does not contain a waiver of homestead rights. Homeowners, therefore, did not waive them. By its terms, however, the document is silent on the subject of exemptions, other than to state that there is no provision dealing with the waiver of exemptions. We therefore look to the applicable statutes and case law to determine how the homestead exemption should be applied.

Had Obsideo foreclosed pursuant to the second deed of trust, homeowners would have received the benefit of the homestead exemption. *See* § 38–41–206, C.R.S.2011. However, nothing in the second deed of trust provides that section 38–41–212(1) would not apply in the event of a foreclosure under the first deed of trust and a redemption by the second deed of trust holder. We therefore decline to consider parol evidence concerning the parties' negotiations.[2]

Accordingly, the second deed of trust did not waive or nullify the application of section 38–41–212(1), and homeowners are precluded from asserting a claim to homestead rights against a junior lienholder who redeemed pursuant to the first deed of trust. The trial court therefore did not err in holding that homeowners were not entitled to homestead rights under these facts and that they were not entitled to receive the excess proceeds.

## IV. Redemption

Homeowners contend that Obsideo failed to strictly comply with the redemption procedures set out in the statute and, accordingly, that the certificate of redemption must be struck and the excess proceeds distributed to them. They do not, however, address the trial court's finding and Obsideo's argument that they lack standing to challenge Obsideo's redemption. We agree that homeowners lack standing on this issue.

We review the issue of a plaintiff's standing de novo. *Ainscough v. Owens*, 90 P.3d 851, 856 (Colo.2004). Standing is a threshold issue that must be addressed before deciding a case on the merits. *Id.* at 855. To establish standing, a plaintiff must demonstrate he or she has suffered an injury-in-fact to a legally protected interest. *Id.* However, a party does not have standing to challenge the validity of a deed or other instrument because of an alleged failure to strictly comply with a statutory requirement if that party has suffered no injury as a result. *See Turkey Creek, LLC v. Rosania*, 953 P.2d 1306, 1313–14 (Colo.App.1998).

Homeowners offer two theories in support of their contention that, if the certificate of redemption were struck, they would be entitled to the excess proceeds: (1) *Patterson*, 187 Colo. at 214, 532 P.2d at 968, requires that excess proceeds be paid to a homeowner with homestead rights rather than to junior lienholders, and (2) section 38–41–206, which establishes procedures for foreclosing on a homesteaded property, requires that excess proceeds be paid to the homeowner after all prior liens are discharged. However, both of these arguments depend on a finding that homeowners retained homestead rights that could be asserted in foreclosure of the first deed of trust. As described in Part III, homeowners can claim no homestead rights pursuant to foreclosure of the first deed of trust because they waived their homestead rights in that instrument. Accordingly, they have no claim to the excess proceeds under either of these theories and can assert no injury.

Moreover, although courts have required strict compliance with redemption statutes, *see, e.g., Amos v. Aspen Alps 123, LLC,* —— P.3d ——, ——, 2010 WL 27401 (Colo.App.2010) (*cert. granted* 2011 WL 1106757 (Mar. 28, 2011)), this requirement is designed to prevent prejudice to persons with a stake in the redemption process, including the winning bidder at the foreclosure sale and junior lienholders entitled to redeem. *See Howell,* 725 P.2d at 10 (the redemption statute serves the purpose of "reducing the property owner's debt while satisfying every possible creditor"); *Osborn Hardware Co. v. Colo. Corp.,* 32 Colo.App. 254, 258, 510 P.2d 461, 463 (1973) ("The purpose of the redemption laws is to help creditors recover their just demands, nothing more."). Under the current version of the redemption statute, owners do not have the right to redeem after a foreclosure sale. *Compare* § 38–38–302(1), C.R.S.2011 (lienors or assignees of a lien are entitled to redeem), *with* Ch. 315, sec. 13, § 38–38–302, 2002 Colo. Sess. Laws 1343–44 (owner is

---

**2.** We need not consider homeowners' argument that the application of section 38–41–212(1) may be waived by agreement, because the second deed of trust does not reflect any intent to waive the statute.

entitled to redeem) (repealed effective Jan. 1, 2008).

Here, the winning bidder could have asserted a right to refuse Obsideo's deficient payment if he was unwilling to accept Obsideo's late payment of the per diem interest, but he accepted the late payment. Homeowners, however, had no stake in the redemption process and were not prejudiced by Obsideo's late payment. If Obsideo's redemption had been voided, the public trustee would have been obligated to disburse the overbid funds to Obsideo as the next junior lienholder. See § 38–38–111(2), C.R.S.2011. Accordingly, we conclude that the trial court did not err in holding that homeowners lacked standing to challenge Obsideo's redemption.

## V. Equitable Doctrines

■■■ Homeowners assert that the equitable doctrines of (1) equitable estoppel, (2) unclean hands, and (3) judicial estoppel bar Obsideo from receiving the excess proceeds. However, equitable estoppel and unclean hands are equitable defenses and not offensive theories of recovery. See Wheat Ridge Urban Renewal Auth. v. Cornerstone Group XXII, L.L.C., 176 P.3d 737, 741 (Colo.2007) ("[T]he doctrine of equitable estoppel is not a cause of action at all, but rather a defensive doctrine...."); Colo. Korean Ass'n v. Korean Senior Ass'n, 151 P.3d 626, 629 (Colo. App.2006) ("The doctrine of unclean hands is an equitable defense...."). Judicial estoppel is not a cause of action but rather a doctrine that prevents a party from taking inconsistent positions in related court proceedings with intent to mislead the court. Arko v. People, 183 P.3d 555, 560 (Colo.2008). Homeowners do not contend that Obsideo took inconsistent positions in related court proceedings. Thus, none of the three doctrines affords homeowners a theory of recovery against Obsideo.

Accordingly, the trial court did not err in declining to grant relief to homeowners based on these doctrines.

## VI. Attorney Fees

In its cross-appeal, Snavely argues that the trial court erred in denying its request for attorney fees because (1) homeowners did not present a rational argument in support of their claims, and (2) homeowners continued to prosecute claims against Snavely after they knew Snavely had sold its interest to Obsideo. We are not persuaded.

■■■ We review a trial court's decision on a motion for attorney fees for an abuse of discretion. Anderson v. Pursell, 244 P.3d 1188, 1193 (Colo.2010). Pursuant to section 13–17–102(4), C.R.S.2011, a trial court shall award attorney fees if it finds that a party brought an action lacking substantial justification, meaning the action was "substantially frivolous, substantially groundless, or substantially vexatious." A claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim." Hamon Contractors, Inc. v. Carter & Burgess, Inc., 229 P.3d 282, 299 (Colo.App.2009) (quoting Western United Realty, Inc. v. Isaacs, 679 P.2d 1063, 1069 (Colo.1984)). However, a claim is not frivolous "if it is meritorious but merely unsuccessful; if it is a legitimate effort to establish a new theory of law; or if it is a good faith effort to extend, modify, or reverse existing law." Id.

■■■ Here, the trial court held that it was not irrational for homeowners, who had bargained with Snavely to retain their homestead rights under the second deed of trust, to claim that their homestead rights were superior to the lien secured by that instrument. Further, the trial court observed that homeowners were granted a temporary restraining order, which necessarily required a finding that homeowners had a reasonable probability of success on the merits. We perceive no abuse of discretion. See Cherokee Metro. Dist. v. Upper Black Squirrel Creek Designated Ground Water Mgt. Dist., 247 P.3d 567, 576 (Colo.2011) (a party's pursuit of "a creative, but ultimately wrong, legal theory to protect its significant rights [is] not substantially frivolous, groundless, or vexatious").

■■■ In its motion for attorney fees, Snavely did not raise homeowners' continuing to prosecute claims against it after it sold its interest as a ground for recovery. In

response to homeowners' argument that Snavely lacked standing to claim attorney fees, Snavely contended that homeowners, having continued to assert claims against Snavely after they knew it had sold its interest, could not later argue that Snavely lacked standing to claim attorney fees. However, Snavely never argued homeowners' continued prosecution of claims against it after it sold its interest as independent grounds for awarding attorney fees. Snavely thus raises this argument for the first time on appeal, and we decline to address it. *See People v. Melendez,* 102 P.3d 315, 322 (Colo.2004) (trial court must have had "an adequate opportunity to make findings of fact and conclusions of law on any issue before we will review it").

Snavely also requests that we award it attorney fees for this appeal pursuant to C.A.R. 38(d) and section 13–17–102. It argues that the trial court's judgment was so plainly correct and the legal authority so clearly contrary to homeowners' position that homeowners' appeal is frivolous. *See In re Estate of McCreath,* 240 P.3d 413, 423 (Colo. App.2009) (citing *Castillo v. Koppes–Conway,* 148 P.3d 289, 292 (Colo.App.2006)). For the reasons discussed with regard to Snavely's request for fees incurred in the trial court, however, we decline to award Snavely its fees on appeal.

The trial court's orders are affirmed.

Judge CASEBOLT and Judge LICHTENSTEIN concur.